UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BENJAMIN MESSINGER,                             :

                Plaintiff,                   :

                                    ECF

     - against -                         :

                                13 Civ. 2444 (AJN)(MHD)

JPMORGAN CHASE BANK, N.A.,                       :

                Defendant.                   :

-------------------------------------------------------------X

 

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

 

**JPMORGAN CHASE LEGAL AND
COMPLIANCE DEPARTMENT**
Frederic L. Lieberman, Esq.
Attorneys for Defendant
JPMorgan Chase Bank, N.A.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-1815
frederic.l.lieberman@jpmchase.com

# TABLE OF CONTENTS

Page

Preliminary Statement…………………………………………………………… 1

Statement of Facts…………………………………………………………… 2

ARGUMENT……………………………………………………………... 4

I    -    STANDARDS FOR DETERMINATION OF MOTIONS TO
          DISMISS………………………………………………….. 4

II   -    MESSINGER, WHO WORKED IN NASSAU COUNTY, DOES
          NOT HAVE A VIABLE CLAIM UNDER THE NEW YORK
          CITY HUMAN RIGHTS LAW…………………………….. 6

III  -    PLAINTIFF'S DEFAMATION CLAIM SHOULD BE
          DISMISSED BECAUSE AN EMPLOYER'S STATEMENTS
          ON A FINRA FORM U5 ARE PROTECTED BY ABSOLUTE
          PRIVILEGE, AND BECAUSE PLAINTIFF EXPRESSLY
          RELEASED ALL SUCH CLAIMS…………………………… 9

Conclusion…………………………………………………………. 11

Cases                                                                                                          Page

Ashcroft v. Iqbal, 556 U.S. 662 (2009)                                                                          5

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)                                                             4

Casper v. Lew Lieberbaum & Co., Inc., 97 Civ. 3016 (JGK), 1998 WL 150993
    (S.D.N.Y. March 31, 1998)                                                               7, 8

Cooper v. Parsky, 140 F.3d 433 (2nd Cir. 2000)                                                                  4

Curto v. Med. World Commc'ns, Inc., 388 F. Supp.2d 101 (E.D.N.Y. 2005)                                          7

DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104 (2nd Cir. 2010)                                                     4

Duffy v. Drake Beam Morin, Harcourt General, Inc., 96 Civ. 5606 (MBM),
    1998 WL 252063 (S.D.N.Y. May 19, 1998)                                                    7, 8

Festa v. Local 3 Int'l Bd. of Elec. Workers, 905 F.2d 35 (2nd Cir. 1990)                                        4

Fried v. LVI Servs., Inc., 10 Civ. 9308 (JSR), 2011 WL 4633985 (S.D.N.Y.                                        7
    Oct. 4, 2011)

Funderburke v. Uniondale UFSD, 172 Misc.2d 963, 660 N.Y.S.2d 659 (Sup.
    Ct., Nassau Co., 1997), aff'd in part, dismissed in part, 251 A.D.2d 622,
    676 N.Y.S.2d 199 (2nd Dep't), leave to appeal denied, 92 N.Y.2d 813,
    681 N.Y.S.2d 474 (1998)                                                                     6

Giardina v. Washington Mutual Bank, CV 07-01466 (SJF), 2008 WL 821528
    (E.D.N.Y. March 25, 2008)                                                                   6

Hayden v. County of Nassau, 180 F.3d 42 (2nd Cir. 1999)                                                         6

Kearse v. ATC Healthcare Services, 12 Civ. 0233 (NRB), 2013 WL 1496951
    (S.D.N.Y. April 8, 2013)                                                                    7, 8

Mangiafico v. Blumenthal, 471 F.3d 391 (2nd Cir. 2006)                                                          6

Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A., 244 F.R.D. 204
    (S.D.N.Y. 2007)                                                                             5

Robles v. Cox & Co., Inc., 841 F. Supp.2d 615 (E.D.N.Y. 2012)                                                   7, 8

Rosenberg v. Metlife, Inc., 453 F.3d 122 (2nd Cir. 2006)                                                        10

| | Page |
|---|---|
| Rosenberg v. Metlife, Inc., 8 N.Y.3d 359, 834 N.Y.S.2d 494 (2007) | 10 |
| Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774 (2nd Cir. 1984) | 4 |
| Salvatore v. KLM Royal Dutch Airlines, 98 Civ. 2450 (LAP), 1999 WL 796172 (S.D.N.Y. Sept. 30, 1999) | 7, 8 |
| Shah v. Wilco Sys., Inc., 27 A.D.3d 169, 806 N.Y.S.2d 553 (1st Dep't 2005) ), leave to appeal dism'd in part, denied in part, 7 N.Y.3d 859, 824 N.Y.S.2d 597 (2006) | 7 |
| Sira v. Morton, 380 F.3d 57 (2nd Cir. 2004) | 6 |
| Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) | 4 |
| Yung v. Lee. 432 F.3d 142 (2nd Cir. 2005) | 6 |

Statutes

| | |
|---|---|
| New York City Administrative Code § 2-201 | 7 |
| New York General Municipal Law § 239-s | 7 |

Regulations

| | |
|---|---|
| FINRA Manual, NASD Rule 1031(a) | 9 |
| FINRA By-Laws, Art. V, § 2 | 9 |
| FINRA By-Laws, Art. V, § 3 | 10 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

BENJAMIN MESSINGER,                       :

               Plaintiff,         :       ECF

         - against -             :       13 Civ. 2444 (AJN)(MHD)

JPMORGAN CHASE BANK, N.A.,                 :

            Defendant.       :

----------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

### PRELIMINARY STATEMENT

Defendant JPMorgan Chase Bank, N.A. (the "Bank") respectfully submits this Memorandum of Law in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Benjamin Messinger, a former Bank employee, alleges that the Bank terminated his employment on account of his age and in retaliation for his earlier complaints about age discrimination. He further alleges that he was defamed by statements made by the Bank's affiliate, J.P. Morgan Securities LLC, when it filed a Uniform Termination Notice for Securities Industry Registration ("Form U5") with the Financial Industry Regulatory Authority ("FINRA") regarding Plaintiff. He therefore seeks expungement of the Form U5, as well as substantial monetary relief.

Plaintiff's age discrimination and retaliation claims pursuant to the New York City Human Rights Law should be dismissed because that statute did not apply to him since Plaintiff did not work in New York City and the alleged discriminatory and retaliatory actions did not take

place in New York City. In addition, Plaintiff's defamation claim should be dismissed because the Court of Appeals has held that an employer's alleged defamatory statements made on a FINRA Form U5 describing the reason for the termination of employment of a securities industry registered employee are protected by an absolute privilege. Accordingly, as Defendant demonstrates below, its motion to dismiss this action should be granted.[1]

## STATEMENT OF FACTS[2]

In this action, Plaintiff brings three causes of action against the Bank: (1) age discrimination under the New York City Human Rights Law ("NYCHRL"); (2) retaliation under the NYCHRL; and (3) defamation. Plaintiff alleges that the unlawful conduct of which he complains "occurred … at Defendant CHASE's premises, located at 446 Central Avenue, Cedarhurst, NY 11516", he was the oldest employee at the Cedarhurst branch, Cedarhurst Branch Manager Lonny Rothman treated younger bankers more favorably; the termination of Plaintiff's employment for allegedly violating company policy was merely a pretext for age discrimination; and that the Bank falsely reported misconduct on Plaintiff's FINRA Form U5. Exhibit "1" at ¶¶ 2, 12, 21-24, 33-34, and 36. Plaintiff seeks actual damages in an amount in excess of $2 million, WHEREFORE paragraph (i), (ii), and (iii), and full expungement of his FINRA Form U5, id. at (iii), and punitive damages, attorney's fees and costs, id. at iv and v.

Plaintiff's Complaint neither attached the Form U5 nor stated the specific defamatory words of which Plaintiff complains nor set forth any facts as to why a Form U5 was filed regarding Plaintiff. Accordingly, since such matters are integral to Plaintiff's defamation claim,

---

[1] In addition to this Memorandum of Law, Defendant submits the Declaration of Frederic L. Lieberman, executed May 3, 2013 and the exhibits thereto ("Lieberman Dec.").

[2] For purposes of this motion only, Defendant assumes that the allegations set forth in the Complaint are true. Defendant reserves its right to contest any or all of those allegations should this motion be denied. Defendant also submits certain documentary evidence in support of their motion.

Defendant provides the following facts and has attached the Forms U4 ("Uniform Application for Securities Industry Registration or Transfer") and U5 that were filed regarding the commencement and termination of Plaintiff's employment with the Bank.

Plaintiff possesses two securities industry licenses, i.e., the Series 7 and Series 63. As such, when employed by a firm in a position in which Plaintiff could engage in securities transactions, Plaintiff was required by FINRA regulations to submit to it a Form U4 at the commencement of his employment with the Bank. Since the Bank is not a member of FINRA, Plaintiff's licenses were registered through the Bank's affiliate, Chase Investment Services Corp. ("CISC"). See Lieberman Dec. at ¶ - and Exhibit "2".

By signing his Form U4, Plaintiff agreed that

"I authorize all my employers and any other person to furnish to any ... *SRO*, ... any information they have, including without limitation my ... history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U5)."

Exhibit "2" at page 12, paragraph 5.

Then, at the termination of Plaintiff's employment with the Bank, CISC was required by FINRA regulations to file a Form U5. When a licensed employee is discharged, the Form U5 requires that a Termination Explanation be provided. CISC filed a Form U5, indicating that Plaintiff was discharged from his employment and providing an explanation for that action. See Lieberman Dec. at ¶ - and Exhibit "3". The Form U5 states for Plaintiff's termination explanation "Terminated by Affiliate Bank – Non Securities Related. Registered Rep Violated Bank Policy By Participating In A Sporting Event Ticket Event Promotion For Which Employees Were Not Eligible". Exhibit "3" at p. 1, Section 3.

**ARGUMENT**

**I**

**STANDARDS FOR DETERMINATION OF MOTIONS TO DISMISS**

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the District Court's role is to determine whether the complaint is sufficient as a matter of law. See Festa v. Local 3 Int'l Bd. of Elec. Workers, 905 F.2d 35, 37 (2nd Cir. 1990); Cooper v. Parsky, 140 F.3d 433, 440 (2nd Cir. 2000) ("[t]he task of the court in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint'") (quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2nd Cir. 1984)).

In recent years, the Supreme Court has clarified the standards used to determine whether a complaint is sufficient. First, in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 515 (2002), the Court held that a Title VII plaintiff is not required to plead facts sufficient to establish a prima facie case in order to survive a motion to dismiss. Then, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted), the Court generally held that

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests' .... While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ..., a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, .... Factual allegations must be enough to raise a right to relief above the speculative level...."

The Court went on to hold that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570; DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2nd Cir. 2010).

Two years later, the Court elaborated on the "plausibility" standard it enunciated in Twombly. The Court wrote that "the pleading standard Rule 8 announces ... demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Instead,

> "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully....'"

Id. (citations omitted). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." Iqbal, 556 U.S. at 679.

In conclusion, the Iqbal Court held that "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. However, "[a]t the motion to dismiss stage, where a plaintiff's 'factual allegations or legal conclusions are flatly contradicted by documentary evidence, they are not presumed to be true, or even accorded favorable inference[,]' ...." Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A., 244 F.R.D. 204, 213 (S.D.N.Y. 2007).

On a motion to dismiss, "the Court may consider 'any written instrument attached to [the complaint] as an exhibit, any statements or documents incorporated in it by reference, and any document not incorporated but that is, nevertheless 'integral' to the complaint because the complaint relies heavily upon its terms and effect.' Yung v. Lee. 432 F.3d 142, 146 (2nd Cir. 2005) (citations omitted)." Giardina v. Washington Mutual Bank, CV 07-01466 (SJF), 2008 WL 821528 *1-2 (E.D.N.Y. March 25, 2008); Sira v. Morton, 380 F.3d 57, 67 (2nd Cir. 2004). In addition, the Court also can refer to documents submitted on a motion to dismiss where they provide "background" or supplementary information. Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2nd Cir. 2006); Hayden v. County of Nassau, 180 F.3d 42, 54 (2nd Cir. 1999).

Here, Defendant submits via the Lieberman Declaration both background of supplementary information regarding the filing of the Forms U4 and U5 concerning Plaintiff, as well as the actual Forms U4 and U5 for Plaintiff which are integral to the Complaint.

**II**

**MESSINGER, WHO WORKED IN NASSAU COUNTY, DOES NOT HAVE A VIABLE CLAIM UNDER THE NEW YORK CITY HUMAN RIGHTS LAW.**

Plaintiff's claims under the NYCHRL fail for the simple reason that he was not subject to any alleged discrimination within the borders of New York City. As summarized in Funderburke v. Uniondale UFSD, 172 Misc.2d 963, 967, 660 N.Y.S.2d 659, 661 (Sup. Ct., Nassau Co., 1997) "the complaint must be dismissed for failure to set forth a cognizable claim under ... the New York City ... Human Rights Law. There is no authority provided ... to support the somewhat novel theory that the actions of the defendant ... , located in Nassau County, New York, come within the purview of the prohibitions of the New York City Human Rights Law....", aff'd in part, dismissed in part, 251 A.D.2d 622, 676 N.Y.S.2d 199 (2nd Dep't), leave to appeal denied,

92 N.Y.2d 813, 681 N.Y.S.2d 474 (1998). Accordingly, Plaintiff's City Human Rights Law claims must be dismissed.

First, the authority of the NYCHRL is limited to acts occurring within New York City. NYC Admin. Code § 2-201; see also N.Y. Gen. Mun. Law § 239-s; Robles v. Cox & Co., Inc., 841 F. Supp.2d 615, 623 (E.D.N.Y. 2012); Fried v. LVI Servs., Inc., 10 Civ. 9308 (JSR), 2011 WL 4633985 *12 (S.D.N.Y. Oct. 4, 2011); Salvatore v. KLM Royal Dutch Airlines, 98 Civ. 2450 (LAP), 1999 WL 796172 *16 (S.D.N.Y. Sept. 30, 1999); Duffy v. Drake Beam Morin, Harcourt General, Inc., 96 Civ. 5606 (MBM), 1998 WL 252063 *11 (S.D.N.Y. May 19, 1998); Casper v. Lew Lieberbaum & Co., Inc., 97 Civ. 3016 (JGK), 1998 WL 150993 *4 (S.D.N.Y. March 31, 1998); Shah v. Wilco Sys., Inc., 27 A.D.3d 169, 175, 806 N.Y.S.2d 553, 558 (1st Dep't 2005), leave to appeal dism'd in part, denied in part, 7 N.Y.3d 859, 824 N.Y.S.2d 597 (2006).

Thus, in order to state a claim under the NYCHRL, a plaintiff must allege that he was discriminated against by a defendant within New York City. Salvatore, 1999 WL 796172 *15-17; Duffy, 1998 WL 252063 *11; Casper, 1998 WL 150993 *4. "[T]o determine the location of the discrimination under the NYCHRL, courts look to the location of the impact of the offensive conduct". Curto v. Med. World Commc'ns, Inc., 388 F. Supp.2d 101, 109 (E.D.N.Y. 2005).

This impact analysis focuses on where the plaintiff worked and where the discriminatory events took place, not on the plaintiff's residence. Thus, "[e]ven if plaintiff was a resident of New York City when the alleged discrimination occurred, this fact would be 'irrelevant to the impact analysis, which 'confines the protections of the NYCHRL to those who are meant to be protected-those who *work* in the city.'" Kearse v. ATC Healthcare Services, 12 Civ. 0233 (NRB), 2013 WL 1496951 *2 (S.D.N.Y. April 8, 2013) (citation omitted). Thus, "where the alleged

discriminatory act takes place outside of New York City, the relevant location of the injury for purposes of the impact analysis is not the Plaintiff's residence, but the Plaintiff's place of employment." Robles, 841 F. Supp.2d at 625; Salvatore, 1999 WL 796172 *16.

As a result, numerous courts have dismissed NYCHRL claims based on their conclusion that the discriminatory or retaliatory acts did not take place within New York City. See, e.g., Kearse, 2013 WL 1496951 *2 ("[P]laintiff maintains that the discriminatory conduct took place exclusively on Long Island, where Myrthil and plaintiff worked.... Therefore, plaintiff has failed to state a claim under the NYCHRL."); Robles, 841 F. Supp.2d at 625 ("Here, the Plaintiff was terminated while an employee of the Defendant in Plainview. Thus, regardless of the Plaintiff's residency or whether the decision to terminate the Plaintiff was made in New York City, the NYCHRL does not apply because the impact of the termination was felt at the Plaintiff's workplace in Plainview, outside the boundaries of New York City."); Salvatore, 1999 WL 796172 *17 ("I conclude that plaintiffs were not discriminated against within the boundaries of New York City because the impact of the conduct, if any, was felt on their employment in Westchester County. Plaintiffs' tangential contacts with New York City, even if within the scope of their employment, cannot support claims under the City HRL."); Duffy, 1998 WL 252063 *12 (citation and footnote omitted) ("at all relevant times, Duffy and Graham worked at DBM's offices in Melville, New York, and Parsippany, New Jersey, respectively.... Duffy's and Graham's immediate supervisors, Joelyn Cecere and Mark Landsberg, respectively, also worked in these field offices.... By contrast, nothing in the record suggests that either Duffy or Graham was subjected to discriminatory conduct by DBM in New York City."); Casper, 1998 WL 150993 *5 (footnotes omitted) ("All of the plaintiffs and the defendants worked at LLCI's Garden City office, and all of the alleged acts of harassment were performed there. ... The

discriminatory conduct in this case, the alleged hostile work environment or the quid pro quo sexual harassment, occurred in Garden City and not in New York City.").

Accordingly, Plaintiff cannot establish a claim under the NYCHRL because no discriminatory action took place within New York City. None of the alleged acts of discrimination took place in New York City. Rather, as Plaintiff asserts that he was subjected to discriminatory conduct based on his age and retaliation after he complained about age discrimination, all of which took place at the Bank's branch in Cedarhurst, Nassau County, New York, Exhibit "2" at ¶ 2, Plaintiff's claims under the NYCHRL must be dismissed.

## III

### PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DISMISSED BECAUSE AN EMPLOYER'S STATEMENTS ON A FINRA FORM U5 ARE PROTECTED BY ABSOLUTE PRIVILEGE, AND BECAUSE PLAINTIFF EXPRESSLY RELEASED ALL SUCH CLAIMS

In his Third Cause of Action, Plaintiff alleges that the Bank "defamed Plaintiff MESSINGER in his FINRA Form U5" by "falsely reporting misconduct". Exhibit "1" at ¶¶ 36 and 44. The statement regarding the termination of Plaintiff's employment that are set forth on the Form U5 filed with FINRA shortly after the Bank terminated Plaintiff's employment is: "Discharged" and "Terminated by Affiliate Bank – Non Securities Related. Registered Rep Violated Bank Policy By Participating In A Sporting Event Ticket Event Promotion For Which Employees Were Not Eligible". Exhibit "3" at p. 1, Section 3. This cause of action must be dismissed because these statements are protected by absolute privilege.

As a FINRA member firm, CISC was required to register Plaintiff with FINRA in order for him to "be engaged in the investment banking or securities business" under its supervision. See FINRA Manual, NASD Rule 1031(a), available at www.finra.org; FINRA By-Laws, Art. V, § 2. CISC did so when it filed the Form U4, signed by Plaintiff, in May 2009. See Exhibit "2". Then,

after the Bank terminated Plaintiff's employment in July 2012, and Plaintiff was "no longer active in the member's investment banking or securities business", CISC was required to terminate Plaintiff's securities industry registration. <u>See</u> FINRA Manual, NASD Rule 1031(a), available at www.finra.org; FINRA By-Laws, Art. V, § 3. CISC did so when it filed the Form U-5 in Augsut 2012. <u>See</u> Exhibit "3".

In <u>Rosenberg v. Metlife, Inc.</u>, 453 F.3d 122, 128 (2nd Cir. 2006), the plaintiff challenged the United States District Court's dismissal of his libel claim based on his former employer's statement of the reason for his termination on the Form U5. The Court of Appeals for the Second Circuit concluded that the plaintiff had presented an unsettled issue of New York law and certified to the New York Court of Appeals the question of whether statements made by an employer on a Form U5 are subject to an absolute privileged or qualified privilege in a defamation lawsuit.

Acting upon that certified question, the New York Court of Appeals unequivocally held that "[s]tatements made by an employer on a NASD employee termination notice are subject to an absolute privilege in a suit for defamation." <u>Rosenberg v. Metlife, Inc.</u>, 8 N.Y.3d 359, 368, 834 N.Y.S.2d 494, 500 (2007). The Court explained that the absolute privilege that applies to statements made during the course of a judicial or quasi-judicial proceeding, provided such statements are material and pertinent to the questions involved, can extend to the preliminary or investigative stages of process. <u>Id.</u> at 365, 443. The Court held that "[t]he Form U-5's compulsory nature and its role in the NASD's quasi-judicial process, together with the protection of public interests, lead us to conclude that statements made by an employer on the form should be subject to an absolute privilege." <u>Id.</u> at 368, 499.