UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BENJAMIN MESSINGER,                              Index. no.: 13 CV 2444 (AJN)(MHD)

        *Plaintiff,*

        v.                                      **AMENDED COMPLAINT**

JPMORGAN CHASE BANK N.A.

        *Defendant.*

-----------------------------------------------------------------X

Plaintiff, BENJAMIN MESSINGER (hereinafter "MESSINGER"), by his attorneys, THE HARMAN FIRM, PC, as and for his Complaint of employment discrimination on the basis of age against Defendant alleges as follows:

### JURISDICTION AND VENUE AND NATURE OF ACTION

1.    Jurisdiction of this Court is proper pursuant to 28 USC § 1332, in that Plaintiff MESSINGER is a citizen of the State of New York, Defendant JPMORGAN CHASE BANK N.A. (hereinafter "CHASE") is a citizen of the State of Ohio, and the amount in controversy exceeds the requisite amount of $75,000.

2.    Venue is properly laid in this Court in that the unlawful conduct giving rise to this Complaint occurred within the Southern District of New York, at Defendant CHASE's premises, located at 446 Central Ave., Cedarhurst, NY 11516.

3.    This action seeks damages under the New York State Human Rights Law (N.Y. EXEC. LAW §§ 290–97, and hereinafter "NYSHRL"), as well as injunctive relief pursuant to FED. R. CIV. P. 65; specifically, Plaintiff seeks expungement of his Financial Industry Regulatory Authority (hereinafter "FINRA") Form U5.

4. The Plaintiff has also filed a charge with the Equal Employment Opportunity Commission (EEOC) and awaits a notice of his Right to Sue. Once a Right to Sue letter has been issued, Plaintiff intends to amend to include causes of action under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§ 621–34.

**PARTIES**

5. Plaintiff MESSINGER is a resident of Fresh Meadows, State of New York.

6. At all times relevant and hereinafter mentioned, Defendant CHASE, was and is a domestic business corporation, duly existing pursuant to and by virtue of the laws of the State of Ohio.

7. At all times relevant and hereinafter mentioned, Defendant CHASE has offices located at 1 Chase Manhattan Plaza, 26th Floor, New York, New York 10081.

8. At all times relevant and hereinafter mentioned, Plaintiff MESSINGER was an employee of Defendant CHASE.

9. At all times relevant and hereinafter mentioned Plaintiff was employed by Defendant CHASE in the role of "Personal Banker" or "Financial Advisor."

**DEMAND FOR TRIAL BY JURY**

10. Plaintiff demands a trial by jury.

**FACTUAL BACKGROUND**

11. In or about May 2009, Plaintiff MESSINGER began working for Defendant CHASE as a "Personal Banker" after years of success in the financial field. Plaintiff

MESSINGER's licenses include: Series 7, Series 63, and Life, Health and Accidental Life insurance.

12. From May 2009 until on or around July 31, 2012, when Plaintiff MESSINGER was illegally terminated due to his age, Plaintiff MESSINGER met or exceeded all expectations imposed by Defendant CHASE and won several awards for his performance.

13. At the time of his termination, Plaintiff MESSINGER was the oldest employee at his branch location. The other personal bankers were aged 30, 30, and 27; the business banker was aged 32; the branch manager was aged 30.

14. Plaintiff was aged 52 upon his termination.[1]

15. Plaintiff was repeatedly subjected to age discrimination while employed by Defendant.

16. Upon information and belief, Defendant favors younger personal bankers and financial advisors and has a <u>pattern</u> and <u>practice</u> of discrimination against older personal bankers and financial advisors.

## AGE DISCRIMINATION

17. In his second month of work for Defendant CHASE, Plaintiff MESSINGER was recognized as one of the top producers in his district.

18. In 2010, Plaintiff MESSINGER was recognized as a National Achiever, an award granted to the top CHASE bankers nationwide.

19. In or about June 2011, Plaintiff MESSINGER was offered a promotion to the position of Financial Advisor.

---

[1] Plaintiff MESSINGER was born January 1, 1960 and terminated on or around July 31, 2012.

3

20. In or about September 2011, Defendant CHASE agreed to provide Plaintiff MESSINGER with the office space he requested and required for work as a Financial Advisor.

21. In or about November 2011, Plaintiff MESSINGER began work in his new position of Financial Advisor.

22. Defendant CHASE refused to provide him the agreed-upon office space, instead providing it to Lonny Rothman (hereinafter "Mr. Rothman"), a much younger Personal Banker with far less experience than Plaintiff MESSINGER. Mr. Rothman is approximately thirty (30) years old. Plaintiff MESSINGER was forced to resign his new position and return to the position of Personal Banker.

23. In or about January 2012, Plaintiff MESSINGER received his performance review for the 2011 work year; he was rated "Exceeds Expectations" in all areas, in spite of the fact that he was treated differently than the younger Personal Bankers.

24. In or about February 2012, Mr. Rothman was promoted to Branch Manager, a role in which he supervised Plaintiff MESSINGER.

25. In or about February 2012, Mr. Rothman denied Plaintiff MESSINGER Product Value Credits (hereinafter, "PVCs"), which he had earned, giving them instead to a younger banker. This denial of PVCs, and therefore thousands of dollars of earned compensation, continued through the rest of Plaintiff MESSINGER's employment by Defendant CHASE. When Plaintiff MESSINGER asked about this illegal and discriminatory denial, Mr. Rothman ignored him.

26. On or about February 29, 2012, Evan Lefkowitz, the business banker at the branch (hereinafter "Mr. Lefkowitz"), informed Plaintiff MESSINGER that Mr. Rothman had

4

approached Mr. Lefkowitz, telling him not to provide Plaintiff MESSINGER with any information.

27. From the beginning of his tenure as Branch Manager, Mr. Rothman lavished preferential treatment on younger employees—workers, in other words, close to his own age. In addition to granting younger bankers PVCs, Mr. Rothman routinely ignored their lateness and other infractions of company policy, frequently gave them valuable referrals, and kept them advised of scheduled events about which Plaintiff MESSINGER was uninformed. On multiple occasions, Mr. Rothman interrupted conversations between Plaintiff MESSINGER and customers in order to divert them to younger employees. This discrimination isolated Plaintiff MESSINGER, and prevented him from maximizing his earning potential.

28. In or about March 2012, despite the mistreatment, Plaintiff MESSINGER was recognized as a National Achiever for a second time, in spite of the ongoing discrimination to which he was subjected.

29. In or around spring 2012, Mr. Lefkowitz asked Mr. Rothman why he treated Plaintiff MESSINGER in this manner. Mr. Rothman cited Plaintiff MESSINGER's age, saying that Plaintiff MESSINGER can do things himself.

30. On or about May 3, 2012, Plaintiff MESSINGER complained to the District Manager about Mr. Rothman's prejudicial favoritism of younger employees, *i.e.* age discrimination.

31. In or around mid-May 2012, Plaintiff MESSINGER complained to Mr. Rothman about this favoritism (*i.e.* age discrimination).

32. On or about May 18, 2012, Mr. Lefkowitz informed Plaintiff MESSINGER that Mr. Rothman had boasted to Mr. Lefkowitz about rejecting Plaintiff MESSINGER's "upsells."

33. On or about May 20, 2012, the Assistant Branch Manager informed Plaintiff MESSINGER that Mr. Rothman was surveilling him, wished to terminate him, and had again provided a PVC to a younger banker that was due to Plaintiff MESSINGER.

34. On or about May 20, 2012, a teller informed Plaintiff MESSINGER that Mr. Rothman wished to terminate him.

35. In or around June and July 2012, Plaintiff MESSINGER repeatedly learned that Mr. Rothman was referring business to younger bankers instead of Plaintiff MESSINGER. This business, by any fair standard, should have gone to Plaintiff MESSINGER. Plaintiff MESSINGER again complained to Mr. Rothman.

36. In or around July 2012, Defendant CHASE sent an investigator to question Plaintiff MESSINGER about a purported violation of company policy. The action in question was trivial and entirely harmless, and Plaintiff MESSINGER readily admitted to it. In fact, the investigation, which lasted approximately ten (10) minutes, was merely a pretext for terminating him.

37. On or about July 31, 2012, Defendant CHASE illegally terminated Plaintiff MESSINGER via Mr. Rothman.

38. Defendant CHASE attempted to block Plaintiff MESSINGER from receiving unemployment benefits, on the grounds that he had purportedly violated company policy. When Plaintiff MESSINGER appealed this decision, the judge agreed that Plaintiff's actions did not constitute misconduct, and granted the appeal.

39. After terminating him, Defendant CHASE defamed Plaintiff MESSINGER by falsely reporting misconduct on his FINRA Form U5.

**FIRST CAUSE OF ACTION**
**False Reporting on FINRA Form U5 (Injunctive Relief under FED. R. CIV. P 65)**

40.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force and effect as though separately alleged and reiterated herein.

41.     Defendant CHASE caused Plaintiff to suffer economic loss due to the false and misleading information on Plaintiff's FINRA Form U5; therefore, Plaintiff MESSINGER seeks the expungement of his Form U5, pursuant to FED. R. CIV. P. 65.

**SECOND CAUSE OF ACTION**
**Age discrimination under the NYSHRL (N.Y. EXEC. LAW §§ 290–97)**

42.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force and effect as though separately alleged and reiterated herein.

43.     Defendant CHASE subjected Plaintiff MESSINGER to age discrimination in violation of the New York State Human Rights Law.

44.     As a result, Plaintiff MESSINGER suffered damages for past and future earnings, other employment benefits, attorney's fees, and emotional injuries in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**Retaliation under the NYSHRL (N.Y. EXEC. LAW §§ 290–97)**

45.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force and effect as though separately alleged and reiterated herein.

46.     Defendant CHASE subjected Plaintiff MESSINGER to retaliation in violation of the New York State Human Rights Law.

47. As a result, Plaintiff MESSINGER suffered damages for past and future earnings, other employment benefits, attorney's fees, and emotional injuries in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(i) On the First Cause of Action, actual damages to be determined at trial, but in no event less than full and complete expungement of Plaintiff's FINRA Form U5;

(ii) On the Second Cause of Action, actual damages to be determined at trial, but in no event less than $500,000;

(iii) On the Third Cause of Action, actual damages to be determined at trial, but in no event less than $500,000;

(iv) Punitive damages;

(v) Attorneys' fees, disbursements and other costs; and

(vi) Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 15, 2013

Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Counsel for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com