UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

BENJAMIN MESSINGER,                              :

                            Plaintiff,           :

            - against -                          :

JPMORGAN CHASE BANK, N.A.,                        :

                            Defendant.           :

-----------------------------------------------------X

ECF

13 Civ. 2444 (AJN)(MHD)

**DECLARATION OF FREDERIC
L. LIEBERMAN PURSUANT TO
28 U.S.C. § 1746 IN SUPPORT OF
DEFENDANT'S MOTION TO
DISMISS THE AMENDED
COMPLAINT IN PART PURSUANT
TO FED. R. CIV. P. 12(b)**

FREDERIC L. LIEBERMAN, under the penalties of perjury, declares:

1.      I am an Assistant General Counsel in the JPMorgan Chase Legal Department, attorneys of record for Defendant JPMorgan Chase Bank, N.A. (the "Bank").

2.      I am familiar based on personal knowledge, information and belief and/or the Bank's records, with the facts and circumstances hereinafter set forth. I make this declaration in support of Defendant's motion to dismiss the First Cause of Action asserted in Plaintiff's Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

3.      On information and belief, on or about April 11, 2013, Plaintiff commenced the within action by filing his Complaint with the Clerk of the United States District Court for the Southern District of New York. The Complaint alleged that the Bank, Plaintiff's former employer, terminated his employment on account of his age and in retaliation for his earlier complaints about age discrimination, all in alleged violation of the New York City Human Rights Law, and defamed him by making statements regarding his termination in a Form U5 filed with the Financial Industry Regulatory Authority ("FINRA").

4.     With Defendant's consent, Defendant was served by email with copies of the Summons and Complaint on April 12, 2013.

5.     On May 3, 2013, Defendant served and filed a motion to dismiss all of the claims asserted in Plaintiff's action.

6.     On May 15, 2013, Plaintiff filed an Amended Complaint. The Amended Complaint alleges that the Bank, Plaintiff's former employer, terminated his employment on account of his age and in retaliation for his earlier complaints about age discrimination, all in alleged violation of the New York State Human Rights Law, and defamed him by making statements regarding his termination in a Form U5 filed with FINRA. A true and correct copy of the Amended Complaint is annexed hereto as Exhibit "1".

7.     Defendant now moves to dismiss the First Cause of Action asserted in Plaintiff's Amended Complaint, i.e., the claim for defamation.

8.     Plaintiff's U5 defamation claim stems from the fact that he possesses Series 7 and 63 securities industry licenses. As such, when employed by a firm in a position in which Plaintiff could engage in securities transactions, Plaintiff was required by Financial Industry Regulatory Authority ("FINRA") regulations to submit to FINRA a Form U4 ("Uniform Application for Securities Industry Registration or Transfer") at the commencement of his employment with the Bank. Since the Bank is not a member of FINRA, Plaintiff's licenses were registered through the Bank's affiliate, Chase Investment Services Corp. ("CISC"). A true and correct copy of Plaintiff's Form U4, signed by Plaintiff and dated May 8, 2009, is annexed hereto as Exhibit "2".

9.     Then, at the termination of his employment with the Bank, CISC was required by FINRA regulations to file a Form U5 ("Uniform Termination Notice for Securities Industry Registration"). When a licensed employee is discharged, the Form U5 requires that a

Termination Explanation be provided. CISC filed a Form U5, indicating that Plaintiff was discharged from his employment and providing an explanation for that action. A true and correct copy of Plaintiff's Form U5, dated August 23, 2012, is annexed hereto as Exhibit "3".

**WHEREFORE**, Defendant respectfully requests that the Court (1) grant Defendant's motion to dismiss the First Cause of Action asserted in Plaintiff's Amended Complaint with prejudice; (2) grant Defendant its costs and attorneys' fees; and (3) grant such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 3, 2013.

FREDERIC L. LIEBERMAN

# EXHIBIT

## "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

BENJAMIN MESSINGER,

    *Plaintiff,*

  v.

JPMORGAN CHASE BANK N.A.

    *Defendant.*

-------------------------------------------------------------X

Index. no.: 13 CV 2444 (AJN)(MHD)

**AMENDED COMPLAINT**

Plaintiff, BENJAMIN MESSINGER (hereinafter "MESSINGER"), by his attorneys, THE HARMAN FIRM, PC, as and for his Complaint of employment discrimination on the basis of age against Defendant alleges as follows:

## JURISDICTION AND VENUE AND NATURE OF ACTION

1. Jurisdiction of this Court is proper pursuant to 28 USC § 1332, in that Plaintiff MESSINGER is a citizen of the State of New York, Defendant JPMORGAN CHASE BANK N.A. (hereinafter "CHASE") is a citizen of the State of Ohio, and the amount in controversy exceeds the requisite amount of $75,000.

2. Venue is properly laid in this Court in that the unlawful conduct giving rise to this Complaint occurred within the Southern District of New York, at Defendant CHASE's premises, located at 446 Central Ave., Cedarhurst, NY 11516.

3. This action seeks damages under the New York State Human Rights Law (N.Y. EXEC. LAW §§ 290–97, and hereinafter "NYSHRL"), as well as injunctive relief pursuant to FED. R. CIV. P. 65; specifically, Plaintiff seeks expungement of his Financial Industry Regulatory Authority (hereinafter "FINRA") Form U5.

4.      The Plaintiff has also filed a charge with the Equal Employment Opportunity Commission (EEOC) and awaits a notice of his Right to Sue.  Once a Right to Sue letter has been issued, Plaintiff intends to amend to include causes of action under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§ 621–34.


## PARTIES

5.      Plaintiff MESSINGER is a resident of Fresh Meadows, State of New York.

6.      At all times relevant and hereinafter mentioned, Defendant CHASE, was and is a domestic business corporation, duly existing pursuant to and by virtue of the laws of the State of Ohio.

7.      At all times relevant and hereinafter mentioned, Defendant CHASE has offices located at 1 Chase Manhattan Plaza, 26th Floor, New York, New York 10081.

8.      At all times relevant and hereinafter mentioned, Plaintiff MESSINGER was an employee of Defendant CHASE.

9.      At all times relevant and hereinafter mentioned Plaintiff was employed by Defendant CHASE in the role of "Personal Banker" or "Financial Advisor."


## DEMAND FOR TRIAL BY JURY

10.     Plaintiff demands a trial by jury.


## FACTUAL BACKGROUND

11.     In or about May 2009, Plaintiff MESSINGER began working for Defendant CHASE as a "Personal Banker" after years of success in the financial field.   Plaintiff

MESSINGER's licenses include: Series 7, Series 63, and Life, Health and Accidental Life insurance.

12.     From May 2009 until on or around July 31, 2012, when Plaintiff MESSINGER was illegally terminated due to his age, Plaintiff MESSINGER met or exceeded all expectations imposed by Defendant CHASE and won several awards for his performance.

13.     At the time of his termination, Plaintiff MESSINGER was the oldest employee at his branch location.  The other personal bankers were aged 30, 30, and 27; the business banker was aged 32; the branch manager was aged 30.

14.     Plaintiff was aged 52 upon his termination.[1]

15.     Plaintiff was repeatedly subjected to age discrimination while employed by Defendant.

16.     Upon information and belief, Defendant favors younger personal bankers and financial advisors and has a pattern and practice of discrimination against older personal bankers and financial advisors.


### AGE DISCRIMINATION

17.     In his second month of work for Defendant CHASE, Plaintiff MESSINGER was recognized as one of the top producers in his district.

18.     In 2010, Plaintiff MESSINGER was recognized as a National Achiever, an award granted to the top CHASE bankers nationwide.

19.     In or about June 2011, Plaintiff MESSINGER was offered a promotion to the position of Financial Advisor.

---

[1] Plaintiff MESSINGER was born January 1, 1960 and terminated on or around July 31, 2012.

20.     In or about September 2011, Defendant CHASE agreed to provide Plaintiff MESSINGER with the office space he requested and required for work as a Financial Advisor.

21.     In or about November 2011, Plaintiff MESSINGER began work in his new position of Financial Advisor.

22.     Defendant CHASE refused to provide him the agreed-upon office space, instead providing it to Lonny Rothman (hereinafter "Mr. Rothman"), a much younger Personal Banker with far less experience than Plaintiff MESSINGER.  Mr. Rothman is approximately thirty (30) years old.  Plaintiff MESSINGER was forced to resign his new position and return to the position of Personal Banker.

23.     In or about January 2012, Plaintiff MESSINGER received his performance review for the 2011 work year; he was rated "Exceeds Expectations" in all areas, in spite of the fact that he was treated differently than the younger Personal Bankers.

24.     In or about February 2012, Mr. Rothman was promoted to Branch Manager, a role in which he supervised Plaintiff MESSINGER.

25.     In or about February 2012, Mr. Rothman denied Plaintiff MESSINGER Product Value Credits (hereinafter, "PVCs"), which he had earned, giving them instead to a younger banker.  This denial of PVCs, and therefore thousands of dollars of earned compensation, continued through the rest of Plaintiff MESSINGER's employment by Defendant CHASE. When Plaintiff MESSINGER asked about this illegal and discriminatory denial, Mr. Rothman ignored him.

26.     On or about February 29, 2012, Evan Lefkowitz, the business banker at the branch (hereinafter "Mr. Lefkowitz"), informed Plaintiff MESSINGER that Mr. Rothman had

approached Mr. Lefkowitz, telling him not to provide Plaintiff MESSINGER with any information.

27.     From the beginning of his tenure as Branch Manager, Mr. Rothman lavished preferential treatment on younger employees—workers, in other words, close to his own age.  In addition to granting younger bankers PVCs, Mr. Rothman routinely ignored their lateness and other infractions of company policy, frequently gave them valuable referrals, and kept them advised of scheduled events about which Plaintiff MESSINGER was uninformed.  On multiple occasions, Mr. Rothman interrupted conversations between Plaintiff MESSINGER and customers in order to divert them to younger employees.  This discrimination isolated Plaintiff MESSINGER, and prevented him from maximizing his earning potential.

28.     In or about March 2012, despite the mistreatment, Plaintiff MESSINGER was recognized as a National Achiever for a second time, in spite of the ongoing discrimination to which he was subjected.

29.     In or around spring 2012, Mr. Lefkowitz asked Mr. Rothman why he treated Plaintiff MESSINGER in this manner.  Mr. Rothman cited Plaintiff MESSINGER's age, saying that Plaintiff MESSINGER can do things himself.

30.     On or about May 3, 2012, Plaintiff MESSINGER complained to the District Manager about Mr. Rothman's prejudicial favoritism of younger employees, *i.e.* age discrimination.

31.     In or around mid-May 2012, Plaintiff MESSINGER complained to Mr. Rothman about this favoritism (*i.e.* age discrimination).

32.     On or about May 18, 2012, Mr. Lefkowitz informed Plaintiff MESSINGER that Mr. Rothman had boasted to Mr. Lefkowitz about rejecting Plaintiff MESSINGER's "upsells."

33.     On or about May 20, 2012, the Assistant Branch Manager informed Plaintiff MESSINGER that Mr. Rothman was surveilling him, wished to terminate him, and had again provided a PVC to a younger banker that was due to Plaintiff MESSINGER.

34.     On or about May 20, 2012, a teller informed Plaintiff MESSINGER that Mr. Rothman wished to terminate him.

35.     In or around June and July 2012, Plaintiff MESSINGER repeatedly learned that Mr. Rothman was referring business to younger bankers instead of Plaintiff MESSINGER.  This business, by any fair standard, should have gone to Plaintiff MESSINGER.   Plaintiff MESSINGER again complained to Mr. Rothman.

36.     In or around July 2012, Defendant CHASE sent an investigator to question Plaintiff MESSINGER about a purported violation of company policy.  The action in question was trivial and entirely harmless, and Plaintiff MESSINGER readily admitted to it.  In fact, the investigation, which lasted approximately ten (10) minutes, was merely a pretext for terminating him.

37.     On or about July 31, 2012, Defendant CHASE illegally terminated Plaintiff MESSINGER via Mr. Rothman.

38.     Defendant CHASE attempted to block Plaintiff MESSINGER from receiving unemployment benefits, on the grounds that he had purportedly violated company policy.  When Plaintiff MESSINGER appealed this decision, the judge agreed that Plaintiff's actions did not constitute misconduct, and granted the appeal.

39.     After terminating him, Defendant CHASE defamed Plaintiff MESSINGER by falsely reporting misconduct on his FINRA Form U5.

### FIRST CAUSE OF ACTION
### False Reporting on FINRA Form U5 (Injunctive Relief under FED. R. CIV. P 65)

40.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force and effect as though separately alleged and reiterated herein.

41.     Defendant CHASE caused Plaintiff to suffer economic loss due to the false and misleading information on Plaintiff's FINRA Form U5; therefore, Plaintiff MESSINGER seeks the expungement of his Form U5, pursuant to FED. R. CIV. P. 65.

### SECOND CAUSE OF ACTION
### Age discrimination under the NYSHRL (N.Y. EXEC. LAW §§ 290–97)

42.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force and effect as though separately alleged and reiterated herein.

43.     Defendant CHASE subjected Plaintiff MESSINGER to age discrimination in violation of the New York State Human Rights Law.

44.     As a result, Plaintiff MESSINGER suffered damages for past and future earnings, other employment benefits, attorney's fees, and emotional injuries in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Retaliation under the NYSHRL (N.Y. EXEC. LAW §§ 290–97)

45.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force and effect as though separately alleged and reiterated herein.

46.     Defendant CHASE subjected Plaintiff MESSINGER to retaliation in violation of the New York State Human Rights Law.

47.     As a result, Plaintiff MESSINGER suffered damages for past and future earnings, other employment benefits, attorney's fees, and emotional injuries in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(i)      On the First Cause of Action, actual damages to be determined at trial, but in no event less than full and complete expungement of Plaintiff's FINRA Form U5;

(ii)     On the Second Cause of Action, actual damages to be determined at trial, but in no event less than $500,000;

(iii)    On the Third Cause of Action, actual damages to be determined at trial, but in no event less than $500,000;

(iv)     Punitive damages;

(v)      Attorneys' fees, disbursements and other costs; and

(vi)     Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 15, 2013

Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Counsel for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com

# EXHIBIT

# "2"

# FORM U4
# UNIFORM APPLICATION FOR SECURITIES INDUSTRY
# REGISTRATION OR TRANSFER

U4 - RELICENSE
05/04/2009

Rev. Form U4 (10/2005)

## 1. GENERAL INFORMATION

| | | |
|---|---|---|
| **First Name:** BENJAMIN | **Middle Name:** | **Last Name:** MESSINGER   **Suffix:** |
| *Firm* **CRD #:** 25574 | *Firm* **Name:** CHASE INVESTMENT SERVICES CORP. | **Employment Date** (MM/DD/YYYY): 05/04/2009 |
| **Firm Billing Code:** | *Individual CRD #:* 5086782 | **Individual SSN:** xxx-xx-xxxx |

**Do you have an independent contractor relationship with the above named firm?:**

○ Yes ⊙ No

### Office of Employment Address

| CRD Branch # | NYSE Branch Code # | Firm Billing Code | Address | Private Residence | Type of Office | Start Date | End Date |
|---|---|---|---|---|---|---|---|
| 305543 | | 0998 | 446 CENTRAL AVE. CEDARHURST , NY 11516 UNITED STATES | N | Located | 05/04/2009 | |

PROCESSED

MAY 1 2 2009

REGISTER

Rev. Form U4 (10/2005)

## 2. FINGERPRINT INFORMATION

Electronic Filing Representation

⊙ By selecting this option, I represent that I am submitting, have submitted, or promptly will submit to the appropriate *SRO* a fingerprint card as required under applicable *SRO* rules; or

Fingerprint card barcode

○ By selecting this option, I represent that I have been employed continuously by the *filing firm* since the last submission of a fingerprint card to CRD and am not required to resubmit a fingerprint card at this time; or,

○ By selecting this option, I represent that I have been employed continuously by the *filing firm* and my fingerprints have been processed by an *SRO* other than FINRA. I am submitting, have submitted, or promptly will submit the processed results for posting to CRD.

Exceptions to the Fingerprint Requirement

○ By selecting one or more of the following two options, I affirm that I am exempt from the federal fingerprint requirement because I/*filing firm* currently satisfy(ies) the requirements of at least one of the permissive exemptions indicated below pursuant to Rule 17f-2 under the Securities Exchange Act of 1934, including any notice or application requirements specified therein:

05-11-09A10:12 RCVD

Case 1:13-cv-02444-AJN   Document 13   Filed 06/03/13   Page 15 of 32

Web CRD - U4 Print Preview      :f #: 841372260914676B8 » All Sectio.                    Page 2 of 14

☐ Rule 17f-2(a)(1)(i)

☐ Rule 17f-2(a)(1)(iii)

Investment Adviser Representative Only Applicants

○ I affirm that I am applying only as an investment adviser representative and that I am not also
applying or have not also applied with this *firm* to become a broker-dealer representative. If this radio
button/box is selected, continue below.

   ○ I am applying for registration only in *jurisdictions* that do not have fingerprint card filing
     requirements, or

   ○ I am applying for registration in *jurisdictions* that have fingerprint card filing requirements and I
     am submitting, have submitted, or promptly will submit the appropriate fingerprint card directly to
     the *jurisdictions* for processing pursuant to applicable *jurisdiction* rules.

---

## 3. REGISTRATIONS WITH UNAFFILIATED FIRMS
Rev. Form U4 (10/2005)

Some *jurisdictions* prohibit "dual registration," which occurs when an individual chooses to maintain a
concurrent registration as a representative/agent with two or more *firms* (either BD or IA *firms*) that are
not affiliated. *Jurisdictions* that prohibit dual registration would not, for example, permit a broker-dealer
agent working with brokerage *firm* A to maintain a registration with brokerage *firm* B if *firms* A and B are
not owned or controlled by a common parent. Before seeking a dual registration status, you should
consult the applicable rules or statutes of the *jurisdictions* with which you seek registration for
prohibitions on dual registrations or any liability provisions.

Please indicate whether the individual will maintain a "dual registration" status by answering the
questions in this section. (Note: An individual should answer 'yes' only if the individual is currently
registered and is seeking registration with a *firm* (either BD or IA) that is not affiliated with the
individual's current employing *firm*. If this is an initial application, an individual must answer 'no' to these
questions; a "dual registration" may be initiated only after an initial registration has been established.)

Answer "yes" or "no" to the following questions:                                          Yes    No

**A.** Will *applicant* maintain registration with a broker-dealer that is not *affiliated* with the *filing*    ○    ◉
*firm*? If you answer "yes," list the *firm(s)* in Section 12 (Employment History).

**B.** Will *applicant* maintain registration with an investment adviser that is not *affiliated* with    ○    ◉
the *filing firm*? If you answer "yes," list the *firm(s)* in Section 12 (Employment History).

---

## 4. SRO REGISTRATIONS
Rev. Form U4 (10/2005)

**Check appropriate *SRO* Registration requests.**
**Qualifying examinations will be automatically scheduled if needed. If you are only scheduling**
**or re-scheduling an exam, skip this section and complete Section 7 (EXAMINATION REQUESTS).**

| REGISTRATION CATEGORY | FINRA | NYSE | AMEX | BATS | BSE | NSX | ARCA | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OP - Registered Options Principal (S4) | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| IR - Investment Company and Variable Contracts Products Rep. (S6) | ☐ | ☐ | ☐ | | | ☐ | | | | | | ☐ |

| REGISTRATION CATEGORY | FINRA | NYSE | AMEX | BATS | BSE | NSX | ARCA | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GS - Full Registration/General Securities Representative (S7) | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| TR - Securities Trader (S7) | | ☐ | ☐ | | | ☐ | | | | | | |
| TS - Trading Supervisor (S7) | | ☐ | ☐ | | | ☐ | | | | | | |
| SU - General Securities Sales Supervisor (S9 and S10) | ☐ | | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | ☐ |
| BM - Branch Office Manager (S9 and S10) | | ☐ | ☐ | | | | | | | | | |
| SM - Securities Manager (S10) | | ☐ | | | | | | | | | | |
| AR - Assistant Representative/Order Processing (S11) | ☐ | | | | | ☐ | | | ☐ | | | ☐ |

| REGISTRATION CATEGORY | FINRA | NYSE | AMEX | BATS | BSE | NSX | ARCA | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IE - United Kingdom - Limited General Securities Registered Representative (S17) | ☐ | ☐ | ☐ | | | ☐ | ☐ | | | ☐ | | ☐ |
| DR - Direct Participation Program Representative (S22) | ☐ | ☐ | ☐ | | | ☐ | | | ☐ | | | |
| GP - General Securities Principal (S24) | ☐ | | ☐ | | ☐ | ☐ | ☐ | | ☐ | | | ☐ |
| IP - Investment Company and Variable Contracts Products Principal (S26) | ☐ | | ☐ | | | ☐ | | | | | | ☐ |
| FA - Foreign Associate | ☐ | | | | | | | | | | | |
| FN - Financial and Operations Principal (S27) | ☐ | | ☐ | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | ☐ |
| FI - Introducing Broker-Dealer/Financial and Operations Principal (S28) | ☐ | | | | | ☐ | | | ☐ | | | ☐ |
| RS - Research Analyst (S86, S87) | ☐ | ☐ | | | | | | | | | | |
| RP - Research Principal | ☐ | | | | | | | | | | | |
| DP - Direct Participation Program Principal (S39) | ☐ | | ☐ | | | ☐ | | | ☐ | | | |
| OR - Options Representative (S42) | ☐ | | | | ☐ | | | | ☐ | | | ☐ |

| REGISTRATION CATEGORY | FINRA | NYSE | AMEX | BATS | BSE | NSX | ARCA | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MR - Municipal Securities Representative (S52) | ☐ | ☐ | ☐ | | | ☐ | | | ☐ | | | |
| MP - Municipal Securities Principal (S53) | ☐ | | ☐ | | | ☐ | | | ☐ | | | |

| REGISTRATION CATEGORY | FINRA | NYSE | AMEX | BATS | BSE | NSX | ARCA | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CS - Corporate Securities Representative (S62) | ☐ | | ☐ | | | ☐ | | | ☐ | | | ☐ |
| RG - Government Securities Representative (S72) | ☐ | | | | | | | | | | | |
| PG - Government Securities Principal (S73) | ☐ | | | | | | | | | | | |
| SA - Supervisory Analyst (S16) | ☐ | ☐ | ☐ | | | | | | | | | |
| PR - Limited Representative - Private Securities Offerings (S82) | ☐ | | ☐ | | | | | | | | | |
| CD - Canada-Limited General Securities Registered Representative (S37) | ☐ | ☐ | ☐ | | | | ☐ | ☐ | | | | ☐ |
| CN - Canada-Limited General Securities Registered Representative (S38) | ☐ | ☐ | ☐ | | | | ☐ | ☐ | | | | ☐ |

| REGISTRATION CATEGORY | FINRA | NYSE | AMEX | BATS | BSE | NSX | ARCA | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ET - Equity Trader (S55) | ☐ | | ☐ | | | ☐ | | | | | | ☐ |
| AM - Allied Member | | ☐ | ☐ | | | | ☐ | | | | | |
| AP - Approved Person | | ☐ | ☐ | | | | | | | | | |
| LE - Securities Lending Representative | | ☐ | ☐ | | | | | | | | | |
| LS - Securities Lending Supervisor | | ☐ | ☐ | | | | | | | | | |
| ME - Member Exchange | | ☐ | ☐ | ☐ | ☐ | | | | | ☐ | | |
| FE - Floor Employee | | ☐ | ☐ | ☐ | ☐ | | | | | | | |
| OF - Officer | | ☐ | ☐ | | ☐ | | | | | | | |
| CO - Compliance Official (S14) | | ☐ | | | | | | | | | | |

| REGISTRATION CATEGORY | FINRA | NYSE | AMEX | BATS | BSE | NSX | ARCA | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CF - Compliance Official Specialist (S14A) | | ☐ | | | | | | | | | | |
| PM - Floor Member Conducting Public Business | | ☐ | ☐ | | | | | | | | | |
| PC - Floor Clerk Conducting Public Business | | ☐ | ☐ | | | | | | | | | |
| SC - Specialist Clerk (S21) | | ☐ | ☐ | | | | | | | | | |
| TA - Trading Assistant (S25) | | ☐ | | | | | | | | | | |
| FP - Municipal Fund (S51) | ☐ | | | | | | | | | | | |
| IF - In-Firm Delivery Proctor | ☐ | ☐ | | | | | | | | | | |
| MM - Market Maker Authorized Trader-Options | | | | | | | ☐ | | | | | |

Web CRD - U4 Print Preview    :f #: 841372260914676B8 » All Sectic

(S44)

| REGISTRATION CATEGORY | FINRA | NYSE | AMEX | BATS | BSE | NSX | ARCA | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FB - Floor Broker | | | | | | | ☐ | | | | | |
| MB - Market Maker acting as Floor Broker | | | | | | | ☐ | | | | | |
| OT - Authorized Trader (S7) | | | | | | | ☐ | | | | | |
| MT - Market Maker Authorized Trader-Equities (S7) | | | | | | | ☐ | | | | | |
| Other _____ (Paper Form Only) | | | | | | | | | | | | |

Rev. Form U4 (10/2005)

## 5. JURISDICTION REGISTRATION

Check appropriate *jurisdiction(s)* for broker-dealer agent (AG) and/or investment adviser representative (RA) registration requests.

| JURISDICTION | AG | RA | JURISDICTION | AG | RA | JURISDICTION | AG | RA | JURISDICTION | AG | RA |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alabama | ☐ | ☐ | Illinois | ☐ | ☐ | Montana | ☐ | ☐ | Puerto Rico | ☐ | ☐ |
| Alaska | ☐ | ☐ | Indiana | ☐ | ☐ | Nebraska | ☐ | ☐ | Rhode Island | ☐ | ☐ |
| Arizona | ☐ | ☐ | Iowa | ☐ | ☐ | Nevada | ☐ | ☐ | South Carolina | ☐ | ☐ |
| Arkansas | ☐ | ☐ | Kansas | ☐ | ☐ | New Hampshire | ☐ | ☐ | South Dakota | ☐ | ☐ |
| California | ☐ | ☐ | Kentucky | ☐ | ☐ | New Jersey | ☑ | ☐ | Tennessee | ☐ | ☐ |
| Colorado | ☐ | ☐ | Louisiana | ☐ | ☐ | New Mexico | ☐ | ☐ | Texas | ☐ | ☐ |
| Connecticut | ☑ | ☐ | Maine | ☐ | ☐ | New York | ☑ | ☐ | Utah | ☐ | ☐ |
| Delaware | ☐ | ☐ | Maryland | ☐ | ☐ | North Carolina | ☐ | ☐ | Vermont | ☐ | ☐ |
| District of Columbia | ☐ | ☐ | Massachusetts | ☐ | ☐ | North Dakota | ☐ | ☐ | Virgin Islands | ☐ | ☐ |
| Florida | ☐ | ☐ | Michigan | ☐ | ☐ | Ohio | ☐ | ☐ | Virginia | ☐ | ☐ |
| Georgia | ☐ | ☐ | Minnesota | ☐ | ☐ | Oklahoma | ☐ | ☐ | Washington | ☐ | ☐ |
| Hawaii | ☐ | ☐ | Mississippi | ☐ | ☐ | Oregon | ☐ | ☐ | West Virginia | ☐ | ☐ |
| Idaho | ☐ | ☐ | Missouri | ☐ | ☐ | Pennsylvania | ☐ | ☐ | Wisconsin | ☐ | ☐ |
| | | | | | | | | | Wyoming | ☐ | ☐ |

AGENT OF THE ISSUER REGISTRATION (AI) ☐ indicate 2 letter *jurisdiction* code (s): _____

Rev. Form U4 (10/2005)

## 6. REGISTRATION REQUESTS WITH AFFILIATED FIRMS

Will *applicant* maintain registration with *firm*(s) under common ownership or control with the *filing firm*? If "yes", fill in the details to indicate a request for registration with additional *firm*(s).

○ Yes    ⊙ No

No Information Filed

Case 1:13-cv-02444-AJN   Document 13   Filed 06/03/13   Page 19 of 32

Web CRD - U4 Print Preview    ef #: 841372260914676B8 » All Sectio          Page 6 of 14.

Rev. Form U4 (10/2005)

## 7. EXAMINATION REQUESTS

**Scheduling or Rescheduling Examinations** Complete this section only if you are scheduling or rescheduling an examination or continuing education session. Do not select the Series 63 (S63) or Series 65 (S65) examinations in this section if you have completed Section 5 (JURISDICTION REGISTRATION) and have selected registration in a *jurisdiction*. If you have completed Section 5 (JURISDICTION REGISTRATION), and requested an AG registration in a *jurisdiction* that requires that you pass the S63 examination, an S63 examination will be automatically scheduled for you upon submission of this Form U4. If you have completed Section 5 (JURISDICTION REGISTRATION), and requested an RA registration in a *jurisdiction* that requires that you pass the S65 examination, an S65 examination will be automatically scheduled for you upon submission of this Form U4.

| | | | | | |
|---|---|---|---|---|---|
| ☐ S3 | ☐ S11 | ☐ S22 | ☐ S32 | ☐ S51 | ☐ S73 |
| ☐ S4 | ☐ S12 | ☐ S23 | ☐ S33 | ☐ S52 | ☐ S82 |
| ☐ S5 | ☐ S14 | ☐ S24 | ☐ S37 | ☐ S53 | ☐ S86 |
| ☐ S6 | ☐ S14A | ☐ S25 | ☐ S38 | ☐ S55 | ☐ S87 |
| ☐ S7 | ☐ S15 | ☐ S26 | ☐ S39 | ☐ S62 | ☐ S101 |
| ☐ S7A | ☐ S16 | ☐ S27 | ☐ S42 | ☐ S63 | ☐ S106 |
| ☐ S9 | ☐ S17 | ☐ S28 | ☐ S44 | ☐ S65 | ☐ S201 |
| ☐ S10 | ☐ S21 | ☐ S30 | ☐ S45 | ☐ S66 | |
| | | ☐ S31 | ☐ S46 | ☐ S72 | |

Other _____ (Paper Form Only)

OPTIONAL: Foreign Exam City                    Date (MM/DD/YYYY) _____

Rev. Form U4 (10/2005)

## 8. PROFESSIONAL DESIGNATIONS

**Select each designation you currently maintain:**

☐ Certified Financial Planner

☐ Chartered Financial Consultant (ChFC)

☐ Personal Financial Specialist (PFS)

☐ Chartered Financial Analyst (CFA)

☐ Chartered Investment Counselor (CIC)

Rev. Form U4 (10/2005)

## 9. IDENTIFYING INFORMATION/NAME CHANGE

| First Name: BENJAMIN | Middle Name: | Last Name: MESSINGER |
|---|---|---|
| Suffix: | Date of Birth (MM/DD/YYYY) 01/07/1960 | |
| State/Province of Birth TEL AVIV | Country of Birth ISRAEL | Sex ⦿ Male ○ Female |
| Height (ft) 5 | Height (in) 10 | Weight (lbs) 180 |
| Hair Color Brown | Eye Color Blue | |

## 10. OTHER NAMES

Rev. Form U4 (10/2005)

No Information Filed

## 11. RESIDENTIAL HISTORY

Rev. Form U4 (10/2005)

Starting with the current address, give all addresses for the past 5 years. Report changes as they occur.

| From | To | Street | City | State | Country | Postal Code |
|------|----|--------|------|-------|---------|-------------|
| 04/2002 | PRESENT | 73-84 195TH ST. | FRESH MEADOWS | NY | USA | 11366 |
| 01/1999 | 04/2002 | 88-04 63 DR. | REGO PARK | NY | USA | 11374 |

## 12. EMPLOYMENT HISTORY

Rev. Form U4 (10/2005)

Provide complete employment history for the past 10 years. Include the *firm*(s) noted in Section 1 (GENERAL INFORMATION) and Section 6 (REGISTRATION REQUESTS WITH AFFILIATED FIRMS). Include all *firm*(s) from Section 3 (REGISTRATION WITH UNAFFILIATED FIRMS). Account for all time including full and part-time employments, self-employment, military service, and homemaking. Also include statuses such as unemployed, full-time education, extended travel, or other similar statuses.
Report changes as they occur.

| From | To | Name of *Firm* or Company | Investment-Related business? | City | State | Country | Position |
|------|----|---------------------------|------------------------------|------|-------|---------|----------|
| 05/2009 | PRESENT | CHASE INVESTMENT SERVICES CORP. | ⊙ Yes ○ No | CEDARHURST | NY | USA | PERSONAL BANKER |
| 05/2009 | PRESENT | J.P. MORGAN CHASE | ⊙ Yes ○ No | CEDARHURST | NY | USA | PERSONAL BANKER |
| 01/2006 | 05/2009 | DAVID LERNER ASSOCIATES, INC. | ⊙ Yes ○ No | SYOSSET | NY | USA | INVESTMENT COUNSELOR |
| 10/1994 | 12/2005 | GSUSA | ○ Yes ⊙ No | NEW YORK | NY | USA | SUPPORT ANALYST |

## 13. OTHER BUSINESS

Rev. Form U4 (10/2005)

Are you currently engaged in any other business either as a proprietor, partner, officer, director, employee, trustee, agent or otherwise? (Please exclude non *investment-related* activity that is exclusively charitable, civic, religious or fraternal and is recognized as tax exempt.) If YES, please provide the following details: the name of the other business, whether the business is *investment-related*, the address of the other business, the nature of the other business, your position, title, or relationship with the other business, the start date of your relationship, the approximate number of hours/month you devote to the other business, the number of hours you devote to the other business during securities trading hours, and briefly describe your duties relating to the other business.

○ Yes ⊙ No

Rev. Form U4 (10/2005)

## 14. DISCLOSURE QUESTIONS

**IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IS 'YES', COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON APPROPRIATE DRP(S)**

**REFER TO THE EXPLANATION OF TERMS SECTION OF FORM U4 INSTRUCTIONS FOR EXPLANATIONS OF ITALICIZED TERMS.**

**Criminal Disclosure**

| | YES | NO |
|---|---|---|
| **14A. (1) Have you ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to any *felony*? | ○ | ◉ |
| (b) been *charged* with any *felony*? | ○ | ◉ |
| **(2) Based upon activities that occurred while you exercised *control* over it, has an organization ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic or foreign court to any *felony*? | ○ | ◉ |
| (b) been *charged* with any *felony*? | ○ | ◉ |
| **14B. (1) Have you ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a *misdemeanor involving:* investments or an *investment-related* business or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | ○ | ◉ |
| (b) been *charged* with a *misdemeanor* specified in 14B(1)(a)? | ○ | ◉ |
| **(2) Based upon activities that occurred while you exercised *control* over it, has an organization ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic or foreign court to a *misdemeanor* specified in 14B(1)(a)? | ○ | ◉ |
| (b) been *charged* with a *misdemeanor* specified in 14B(1)(a)? | ○ | ◉ |

**Regulatory Action Disclosure**

| | YES | NO |
|---|---|---|
| **14C.   Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever:** | | |
| (1) *found* you to have made a false statement or omission? | ○ | ◉ |
| (2) *found* you to have been *involved* in a violation of its regulations or statutes? | ○ | ◉ |
| (3) *found* you to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? | ○ | ◉ |
| (4) entered an *order* against you in connection with *investment-related* activity? | ○ | ◉ |
| (5) imposed a civil money penalty on you, or *ordered* you to cease and desist from any activity? | ○ | ◉ |
| **14D(1) Has any other Federal regulatory agency or any state regulatory agency or *foreign financial regulatory authority* ever:** | | |
| (a) *found* you to have made a false statement or omission or been dishonest, unfair or | ○ | ◉ |

unethical?

(b) *found* you to have been *involved* in a violation of *investment-related* regulation(s) or statute(s)?   ○ ◉

(c) *found* you to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked or restricted?   ○ ◉

(d) entered an *order* against you in connection with an *investment-related* activity?   ○ ◉

(e) denied, suspended, or revoked your registration or license or otherwise, by *order*, prevented you from associating with an *investment-related* business or restricted your activities?   ○ ◉

---

**14D(2)** **Have you been subject to any *final order* of a state securities commission (or any agency or officer performing like functions), state authority that supervises or examines banks, savings associations, or credit unions, state insurance commission (or any agency or office performing like functions), an appropriate *federal banking agency*, or the National Credit Union Administration, that:**

(a) bars you from association with an entity regulated by such commission, authority, agency, or officer, or from engaging in the business of securities, insurance, banking, savings association activities, or credit union activities; or   ○ ◉

(b) constitutes a *final order* based on violations of any laws or regulations that prohibit fraudulent, manipulative, or deceptive conduct?   ○ ◉

---

**14E.** **Has any *self-regulatory organization* or commodities exchange ever:**

(1) *found* you to have made a false statement or omission?   ○ ◉

(2) *found* you to have been *involved* in a violation of its rules (other than a violation designated as a *"minor rule violation"* under a plan approved by the U.S. Securities and Exchange Commission)?   ○ ◉

(3) *found* you to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked or restricted?   ○ ◉

(4) disciplined you by expelling or suspending you from membership, barring or suspending your association with its members, or restricting your activities?   ○ ◉

---

**14F.** **Have you ever had an authorization to act as an attorney, accountant or federal contractor that was revoked or suspended?**   ○ ◉

---

**14G.** **Have you been notified, in writing, that you are now the subject of any:**

(1) regulatory complaint or *proceeding* that could result in a "yes" answer to any part of 14C, D or E? *(If yes, complete the Regulatory Action Disclosure Reporting Page.)*   ○ ◉

(2) *investigation* that could result in a "yes" answer to any part of 14A, B, C, D or E? *(If yes, complete the Investigation Disclosure Reporting Page.)*   ○ ◉

---

**Civil Judicial Disclosure**

**14H. (1) Has any domestic or foreign court ever:**                                          **YES NO**

(a) *enjoined* you in connection with any *investment-related* activity?   ○ ◉

(b) *found* that you were *involved* in a violation of any *investment-related* statute(s) or regulation(s)?   ○ ◉

(c) dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against you by a state or *foreign financial regulatory authority*?   ○ ◉

(2) Are you named in any pending *investment-related* civil action that could result in a "yes" answer to any part of 14H(1)?   ○ ◉

### Customer Complaint/Arbitration/Civil Litigation Disclosure

**14I. (1)** Have you ever been named as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or civil litigation which alleged that you were *involved* in one or more *sales practice violations* and which:   **YES NO**

   (a) is still pending, or;   ○ ◉

   (b) resulted in an arbitration award or civil judgment against you, regardless of amount, or;   ○ ◉

   (c) was settled for an amount of $10,000 or more?   ○ ◉

**(2)** Have you ever been the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 14I(1) above, which alleged that you were *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more?   ○ ◉

**(3)** Within the past twenty four (24) months, have you been the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under question 14I(1) or (2) above, which:

   (a) alleged that you were *involved* in one or more *sales practice violations* and contained a claim for compensatory damages of $5,000 or more (if no damage amount is alleged, the complaint must be reported unless the firm has made a good faith determination that the damages from the alleged conduct would be less than $5,000), or;   ○ ◉

   (b) alleged that you were *involved* in forgery, theft, misappropriation or conversion of funds or securities?   ○ ◉

### Termination Disclosure

**14J.** Have you ever voluntarily *resigned*, been discharged or permitted to *resign* after allegations were made that accused you of:   **YES NO**

   (1) violating *investment-related* statutes, regulations, rules, or industry standards of conduct?   ○ ◉

   (2) fraud or the wrongful taking of property?   ○ ◉

   (3) failure to supervise in connection with *investment-related* statutes, regulations, rules or industry standards of conduct?   ○ ◉

### Financial Disclosure

**14K.** Within the past 10 years:   **YES NO**

   (1) have you made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition?   ○ ◉

   (2) based upon events that occurred while you exercised *control* over it, has an organization made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition?   ○ ◉

   (3) based upon events that occurred while you exercised *control* over it, has a broker or dealer been the subject of an involuntary bankruptcy petition, or had a trustee appointed, or had a direct payment procedure initiated under the Securities Investor Protection Act?   ○ ◉

**14L.** Has a bonding company ever denied, paid out on, or revoked a bond for you?   ○ ◉

**14M.** Do you have any unsatisfied judgments or liens against you?

Rev. Form U4 (10/2005)

## 15. SIGNATURE SECTION

Please Read Carefully

All signatures required on this Form U4 filing must be made in this section.

A "signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature.

15A    INDIVIDUAL/APPLICANT'S ACKNOWLEDGMENT AND CONSENT
         This section must be completed on all initial or Temporary Registration form filings.

15B    FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS
         This section must be completed on all initial or Temporary Registration form filings.

15C    TEMPORARY REGISTRATION ACKNOWLEDGMENT
         This section must be completed on Temporary Registration form filings to be able to receive
         Temporary Registration.

15D    INDIVIDUAL/APPLICANT'S AMENDMENT ACKNOWLEDGMENT AND CONSENT
         This section must be completed on any amendment filing that amends any information in Section
         14 (Disclosure Questions) or any Disclosure Reporting Page (DRP).

15E    FIRM/APPROPRIATE SIGNATORY AMENDMENT REPRESENTATIONS
         This section must be completed on all amendment form filings.

15F    FIRM/APPROPRIATE SIGNATORY CONCURRENCE
         This section must be completed to concur with a U4 filing made by another *firm* (IA/BD) on behalf
         of an individual that is also registered with that other *firm* (IA/BD).

### 15A. INDIVIDUAL/APPLICANT'S ACKNOWLEDGMENT AND CONSENT

1.  I swear or affirm that I have read and understand the items and instructions on this form and that
    my answers (including attachments) are true and complete to the best of my knowledge. I
    understand that I am subject to administrative, civil or criminal penalties if I give false or misleading
    answers.

2.  I apply for registration with the *jurisdictions* and *SROs* indicated in Section 4 (SRO REGISTRATION)
    and Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time and, in
    consideration of the *jurisdictions* and *SROs* receiving and considering my application, I submit to the
    authority of the *jurisdictions* and *SROs* and agree to comply with all provisions, conditions and
    covenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and
    regulations of the *jurisdictions* and *SROs* as they are or may be adopted, or amended from time to
    time. I further agree to be subject to and comply with all requirements, rulings, orders, directives
    and decisions of, and penalties, prohibitions and limitations imposed by the *jurisdictions* and *SROs*,
    subject to right of appeal or review as provided by law.

3.  I agree that neither the *jurisdictions* or *SROs* nor any person acting on their behalf shall be liable to
    me for action taken or omitted to be taken in official capacity or in the scope of employment, except
    as otherwise provided in the statutes, constitutions, certificates of incorporation, by-laws or the rules
    and regulations of the *jurisdictions* and *SROs*.

4.  I authorize the *jurisdictions*, *SROs*, and the *designated entity* to give any information they may have
    concerning me to any employer or prospective employer, any federal, state or municipal agency, or
    any other *SRO* and I release the *jurisdictions*, *SROs*, and the *designated entity*, and any person
    acting on their behalf from any and all liability of whatever nature by reason of furnishing such
    information.

Web CRD - U4 Print Preview    .ef #: 841372260914676B8 » All Sectic          Page 12 of 14

5. I agree to arbitrate any dispute, claim or controversy that may arise between me and my *firm*, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the *SROs* indicated in Section 4 (SRO REGISTRATION) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent *jurisdiction*.

6. For the purpose of complying with the laws relating to the offer or sale of securities or commodities or investment advisory activities, I'irrevocably appoint the administrator of each *jurisdiction* indicated in Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time, or such other person designated by law, and the successors in such office, my attorney upon whom may be served any notice, process, pleading, subpoena or other document in any action or *proceeding*against me arising out of or in connection with the offer or sale of securities or commodities, or investment advisory activities or out of the violation or alleged violation of the laws of such *jurisdictions*. I consent that any such action or *proceeding* against me may be commenced in any court of competent *jurisdiction*and proper venue by service of process upon the appointee as if I were a resident of, and had been lawfully served with process in the *jurisdiction*. I request that a copy of any notice, process, pleading, subpoena or other document served hereunder be mailed to my current residential address as reflected in this form or any amendment thereto.

7. I consent that the service of any process, pleading, subpoena, or other document in any *investigation*or administrative *proceeding*conducted by the SEC, CFTC or a *jurisdiction*or in any civil action in which the SEC, CFTC or a *jurisdiction*are plaintiffs, or the notice of any *investigation* or *proceeding*by any *SRO* against the *applicant*, may be made by personal service or by regular, registered or certified mail or confirmed telegram to me at my most recent business or home address as reflected in this Form U4, or any amendment thereto, by leaving such documents or notice at such address, or by any other legally permissible means.

I further stipulate and agree that any civil action or administrative *proceeding* instituted by the SEC, CFTC or a *jurisdiction* may be commenced by the service of process as described herein, and that service of an administrative subpoena shall be effected by such service, and that service as aforesaid shall be taken and held in all courts and administrative tribunals to be valid and binding as if personal service thereof.had been made.

8. I authorize all my employers and any other person to furnish to any *jurisdiction, SRO, designated entity*, employer, prospective employer, or any agent acting on its behalf, any information they have, including without limitation my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U5). I recognize that I may be the subject of an investigative consumer report and waive any requirement of notification with respect to any investigative consumer report ordered by any *jurisdiction, SRO, designated entity*, employer, or prospective employer. I understand that I have the right to request complete and accurate disclosure by the *jurisdiction, SRO, designated entity*, employer or prospective employer of the nature and scope of the requested investigative consumer report.

9. I understand and certify that the representations in this form apply to all employers with whom I seek registration as indicated in Section 1 (GENERAL INFORMATION) or Section 6 (REGISTRATION REQUESTS WITH AFFILIATED FIRMS) of this form. I agree to update this form by causing an amendment to be filed on a timely basis whenever changes occur to answers previously reported. Further, I represent that, to the extent any information previously submitted is not amended, the information provided in this form is currently accurate and complete.

10. I authorize an employer or prospective employer to file electronically on my behalf any information required in this form or any amendment thereto; I certify that I have reviewed and approved the information to be submitted to any *jurisdiction* or *SRO* on this Form U4 Application; I agree that I will review and approve all disclosure information that will be filed electronically on my behalf; I further agree to waive any objection to the admissibility of the electronically filed records in any criminal, civil, or administrative *proceeding*.

*Applicant* or *applicant's* agent has typed *applicant's* name under this section to attest to the completeness

and accuracy of this record. The *applicant* recognizes that this typed name constitutes, in every way, use or aspect, his or her legally binding signature.

**Date (MM/DD/YYYY)**               **Signature of *Applicant***
05/08/2009                          BENJAMIN MESSINGER

                                    Signature  *Benjamin Messinger*

**15B. FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS**

To the best of my knowledge and belief, the *applicant* is currently bonded where required, and, at the time of approval, will be familiar with the statutes, constitution(s), rules and by-laws of the agency, *jurisdiction* or *SRO* with which this application is being filed, and the rules governing registered persons, and will be fully qualified for the position for which application is being made herein. I agree that, notwithstanding the approval of such agency, *jurisdiction* or *SRO* which hereby is requested, I will not employ the *applicant* in the capacity stated herein without first receiving the approval of any authority that may be required by law.

This *firm* has communicated with all of the *applicant*'s previous employers for the past three years and has documentation on file with the names of the persons contacted and the date of contact. In addition, I have taken appropriate steps to verify the accuracy and completeness of the information contained in and with this application.

I have provided the *applicant* an opportunity to review the information contained herein and the *applicant* has approved this information and signed the Form U4.

**Date (MM/DD/YYYY)**               **Signature of *Appropriate Signatory***
05/04/2009                          LYNN ROSS

                                    Signature _____

**15C. TEMPORARY REGISTRATION ACKNOWLEDGMENT**

If an *applicant* has been registered in a *jurisdiction* or *self regulatory organization (SRO)* in the 30 days prior to the date an application for registration is filed with the Central Registration Depository or Investment Adviser Registration Depository, he or she may qualify for a Temporary Registration to conduct securities business in that *jurisdiction* or *SRO* if this acknowledgment is executed and filed with the Form U4 at the *applicant*'s *firm*.

This acknowledgment must be signed only if the *applicant* intends to apply for a Temporary Registration while the application for registration is under review.

I request a Temporary Registration in each *jurisdiction* and/or *SRO* requested on this Form U4, while my registration with the *jurisdiction*(s) and/or *SRO*(s) requested is under review;

I am requesting a Temporary Registration with the *firm* filing on my behalf for the *jurisdiction*(s) and/or *SRO*(s) noted in Section 4 (SRO REGISTRATION) and/or Section 5 (JURISDICTION REGISTRATION) of this Form U4;

I understand that I may request a Temporary Registration only in those *jurisdiction*(s) and/or *SRO*(s) in which I have been registered with my prior *firm* within the previous 30 days;

I understand that I may not engage in any securities activities requiring registration in a *jurisdiction* and/or *SRO* until I have received notice from the CRD or IARD that I have been granted a Temporary Registration in that *jurisdiction* and/or *SRO*;

I agree that until the Temporary Registration has been replaced by a registration, any *jurisdiction* and/or *SRO* in which I have applied for registration may withdraw the Temporary Registration;

If a *jurisdiction* or *SRO* withdraws my Temporary Registration, my application will then be held pending in that *jurisdiction* and/or *SRO* until its review is complete and the registration is granted or denied, or the application is withdrawn;

I understand and agree that, in the event my Temporary Registration is withdrawn by a *jurisdiction* and/or *SRO*, I must immediately cease any securities activities requiring a registration in that *jurisdiction* and/or *SRO* until it grants my registration;

I understand that by executing this Acknowledgment I am agreeing not to challenge the withdrawal of a Temporary Registration; however, I do not waive any right I may have in any *jurisdiction* and/or *SRO* with respect to any decision by that *jurisdiction* and/or *SRO* to deny my application for registration.

| Date (MM/DD/YYYY) | Signature of *Applicant* |
|---|---|
| 05/08/2009 | BENJAMIN MESSINGER |
| | Signature _Benjamin Messinger_ |

Rev. Form U4 (10/2005)

**CRIMINAL DRP**

No Information Filed

Rev. Form U4 (10/2005)

**REGULATORY ACTION DRP**

No Information Filed

Rev. Form U4 (10/2005)

**CIVIL JUDICIAL DRP**

No Information Filed

Rev. Form U4 (10/2005)

**CUSTOMER COMPLAINT/ARBITRATION/CIVIL LITIGATION DRP**

No Information Filed

Rev. Form U4 (10/2005)

**TERMINATION DRP**

No Information Filed

Rev. Form U4 (10/2005)

**INVESTIGATION DRP**

No Information Filed

Rev. Form U4 (10/2005)

**BANKRUPTCY/SIPC/COMPROMISE WITH CREDITORS DRP**

No Information Filed

Rev. Form U4 (10/2005)

**BOND DRP**

No Information Filed

Rev. Form U4 (10/2005)

**JUDGMENT LIEN DRP**

No Information Filed

# EXHIBIT

## "3"

# FORM U5
### UNIFORM TERMINATION NOTICE FOR SECURITIES INDUSTRY REGISTRATION

| Reference #: 29168254601BBBB93 | Rev. Form U5 (05/2009) |
|---|---|

Individual Name: MESSINGER, BENJAMIN (5086782)

Firm Name: CHASE INVESTMENT SERVICES CORP. (25574)

*NOTICE TO THE INDIVIDUAL WHO IS THE SUBJECT OF THIS FILING*

**Even if you are no longer registered you continue to be subject to the jurisdiction of regulators for at least two years after your registration is terminated and may have to provide information about your activities while associated with this firm. Therefore, you must forward any residential address changes for two years following your termination date or last Form U5 amendment to: CRD Address Changes, P.O. Box 9495, Gaithersburg, MD 20898-9495.**

### 1. GENERAL INFORMATION

| First Name: BENJAMIN | Middle Name: | | Last Name: MESSINGER | | Suffix: |
|---|---|---|---|---|---|
| Firm CRD #: 25574 | Firm Name: CHASE INVESTMENT SERVICES CORP. | | Firm NFA #: | | |
| Individual CRD #: 5086782 | Individual SSN: 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 | | Individual NFA #: | | Firm Billing Code: CHASE |

**Office of Employment Address**

| CRD Branch # | NYSE Branch Code # | Firm Billing Code | Address | Private Residence | Type of Office | Start Date | End Date |
|---|---|---|---|---|---|---|---|
| 305543 | | 0998 | 446 CENTRAL AVE. CEDARHURST , NY 11516 UNITED STATES | N | Located At | 05/04/2009 | 07/31/2012 |

### 2. CURRENT RESIDENTIAL ADDRESS

### *NOTICE TO THE FIRM*

*This is the last reported residential address. If this is not current, please enter the current residential address.*

| From | To | Street | City | State | Country | Postal Code |
|---|---|---|---|---|---|---|
| 04/2002 | PRESENT | 73-84 195TH ST. | FRESH MEADOWS | NY | USA | 11366 |

### 3. FULL TERMINATION

**Is this a *FULL TERMINATION*?**  ⦿ Yes ○ No
Note: A "Yes" response will terminate ALL registrations with all *SROs* and all *jurisdictions*.

**Reason for Termination:** Discharged

**Termination Explanation:**
If the Reason for Termination entered above is Permitted to Resign, Discharged or Other, provide an explanation below:

TERMINATED BY AFFILIATE BANK - NON SECURITIES RELATED. REGISTERED REP VIOLATED BANK POLICY BY PARTICIPATING IN A SPORTING EVENT TICKET EVENT PROMOTION FOR WHICH EMPLOYEES WERE NOT ELIGIBLE.

### 4. DATE OF TERMINATION

**Date Terminated (MM/DD/YYYY):** 07/31/2012
A complete date of termination is required for *full termination*. This date represents the date the *firm* terminated the individual's association with the *firm* in a capacity for which registration is required.

For *partial termination*, the date of termination is only applicable to post-dated termination requests during the renewal period.

Notes: For *full termination*, this date is used by *jurisdictions/SROs* to determine whether an individual is required to requalify by examination or obtain an appropriate waiver upon reassociating with another *firm*.

The *SRO/jurisdiction* determines the effective date of termination of registration.

### 6. AFFILIATED FIRM TERMINATION

No Information Filed

### 7. DISCLOSURE QUESTIONS

IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IN SECTION 7 IS 'YES', COMPLETE DETAILS OF ALL EVENTS OR

PROCEEDINGS ON APPROPRIATE DRP(S). IF THE INFORMATION IN SECTION 7 HAS ALREADY BEEN REPORTED ON FORM U4 OR FORM U5, DO NOT RESUBMIT DRPs FOR THESE ITEMS. REFER TO THE EXPLANATION OF TERMS SECTION OF FORM U5 INSTRUCTIONS FOR EXPLANATION OF ITALICIZED WORDS.

**Disclosure Certification Checkbox (optional):** ☐

By selecting the Disclosure Certification Checkbox, the firm certifies that (1) there is no additional information to be reported at this time; (2) details relating to Questions 7A, 7C, 7D and 7E have been previously reported on behalf of the individual via Form U4 and/or amendments to Form U4 (if applicable); and (3) updated information will be provided, if needed, as it becomes available to the firm.  Note: Use of "Disclosure Certification Checkbox" is optional.

### Investigation Disclosure

|  |  | YES | NO |
|---|---|---|---|
| **7A.** | Currently is, or at termination was, the individual the subject of an *investigation* or *proceeding* by a domestic or foreign governmental body or *self-regulatory organization* with jurisdiction over *investment-related* businesses? (Note: Provide details of an *investigation* on an Investigation Disclosure Reporting Page and details regarding a *proceeding* on a Regulatory Action Disclosure Reporting Page.) | ○ | ⊙ |

### Internal Review Disclosure

|  |  | YES | NO |
|---|---|---|---|
| **7B.** | Currently is, or at termination was, the individual under internal review for fraud or wrongful taking of property, or violating *investment-related* statutes, regulations, rules or industry standards of conduct? | ○ | ⊙ |

### Criminal Disclosure

|  |  |  | YES | NO |
|---|---|---|---|---|
| **7C.** | | While employed by or associated with your *firm*, or in connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual: | | |
| | 1. | convicted of or did the individual plead guilty or nolo contendere ("no contest") in a domestic, foreign or military court to any *felony*? | ○ | ⊙ |
| | 2. | *charged* with any *felony*? | ○ | ⊙ |
| | 3. | convicted of or did the individual plead guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a *misdemeanor involving:* investments or an *investment-related* business, or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | ○ | ⊙ |
| | 4. | *charged* with a *misdemeanor* specified in 7(C)(3)? | ○ | ⊙ |

### Regulatory Action Disclosure

|  |  | YES | NO |
|---|---|---|---|
| **7D.** | While employed by or associated with your *firm*, or in connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual *involved* in any *disciplinary action* by a domestic or foreign governmental body or *self-regulatory organization* (other than those designated as a "*minor rule violation*" under a plan approved by the U.S. Securities and Exchange Commission) with jurisdiction over the *investment-related* businesses? | ○ | ⊙ |

### Customer Complaint/Arbitration/Civil Litigation Disclosure

|  |  |  | YES | NO |
|---|---|---|---|---|
| **7E.** | 1. | In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual <u>named</u> as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or civil litigation which alleged that the individual was *involved* in one or more *sales practice violations* and which: | | |
| | | (a) is still pending, or; | ○ | ⊙ |
| | | (b) resulted in an arbitration award or civil judgment against the individual, regardless of amount, or; | ○ | ⊙ |
| | | (c) was settled, prior to 05/18/2009, for an amount of $10,000 or more, or; | ○ | ⊙ |
| | | (d) was settled, on or after 05/18/2009, for an amount of $15,000 or more? | ○ | ⊙ |
| | 2. | In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated (written or oral) complaint, which alleged that the individual was *involved* in one or more *sales practice violations*, and which | | |
| | | (a) was settled, prior to 05/18/2009, for an amount of $10,000 or more, or; | ○ | ⊙ |
| | | (b) was settled, on or after 05/18/2009, for an amount of $15,000 or more? | ○ | ⊙ |
| | 3. | In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under questions 7(E)(2) above, which: | | |
| | | (a) would be reportable under question 14I(3)(a) on Form U4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U4 by your *firm*; or | ○ | ⊙ |
| | | (b) would be reportable under question 14I(3)(b) on Form U4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U4 by your *firm*. | ○ | ⊙ |

Answer questions (4) and (5) below only for arbitration claims or civil litigation filed on or after 05/18/2009

4. In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated, arbitration claim or civil litigation which alleged that the individual was *involved* in one or more *sales practice violations*, and which:

| | | YES | NO |
|---|---|---|---|
| (a) | was settled for an amount of $15,000 or more, or; | ○ | ⊙ |
| (b) | resulted in an arbitration award of civil judgment against any named respondent(s)/defendant(s), regardless of amount? | ○ | ⊙ |

5. In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated, arbitration claim or civil litigation not otherwise reported under question 7E(4) above, which:

| | | YES | NO |
|---|---|---|---|
| (a) | would be reportable under question 14I(5)(a) on Form U4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U4 by your *firm*; or | ○ | ⊙ |
| (b) | would be reportable under question 14I(5)(b) op Form U4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U4 by your *firm*. | ○ | ⊙ |

### Termination Disclosure

**7F.** Did the individual voluntarily *resign* from your *firm*, or was the individual discharged or permitted to *resign* from your *firm*, after allegations were made that accused the individual of:

| | | YES | NO |
|---|---|---|---|
| 1. | violating *investment-related* statutes, regulations, rules or industry standards of conduct? | ○ | ⊙ |
| 2. | fraud or the wrongful taking of property? | ○ | ⊙ |
| 3. | failure to supervise in connection with *investment-related* statutes, regulations, rules or industry standards of conduct? | ○ | ⊙ |

### 8. SIGNATURE

Please Read Carefully

All signatures required on this Form U5 filing must be made in this section.

A "Signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature.

8A. **FIRM ACKNOWLEDGMENT**
    This section must be completed on all U5 form filings submitted by the *firm*.

    **INDIVIDUAL ACKNOWLEDGMENT AND CONSENT**

8B. This section must be completed on amendment U5 form filings where the individual is submitting changes to Part II of the INTERNAL REVIEW DRP or changes to Section 2 (CURRENT RESIDENTIAL ADDRESS).

#### 8A. FIRM ACKNOWLEDGMENT

I VERIFY THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN AND WITH THIS FORM.

| | |
|---|---|
| Person to contact for further information | Telephone # of person to contact |
| SCOTT PASKVAN | 614-213-5442 |
| Signature of Appropriate Signatory | Date (MM/DD/YYYY) |
| HEATHER A. EMMERT | 08/23/2012 |
| **Signature** | |

#### CRIMINAL DRP

No Information Filed

#### CUSTOMER COMPLAINT/ARBITRATION/CIVIL LITIGATION DRP

No Information Filed

#### INTERNAL REVIEW DRP

No Information Filed

#### INVESTIGATION DRP

No Information Filed

#### REGULATORY ACTION DRP

No Information Filed

#### TERMINATION DRP

No Information Filed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BENJAMIN MESSINGER,                          :

                          Plaintiff,         :        ECF

            - against -                      :        13 Civ. 2444 (AJN) (MHD)

JPMORGAN CHASE BANK, N.A.,                    :        **CERTIFICATE OF SERVICE**

                          Defendant.         :

------------------------------------------------------------X

I hereby certify that on June 3, 2013 I caused a copy of the following documents:

**NOTICE OF MOTION TO DISMISS THE AMENDED COMPLAINT IN PART
PURSUANT TO FED. R.CIV. P. 12(b)(6),**

**DECLARATION OF FREDERIC L. LIEBERMAN PURSUANT TO
28 U.S.C. § 1746 IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS THE AMENDED COMPLAINT IN PART
PURSUANT TO FED. R. CIV. P. 12(b)**

**and**

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE
AMENDED COMPLAINT IN PART**

to be served by First Class Mail directed to the attorneys for Plaintiff at the following address:

Walker G. Harman, Jr., Esq.
The Harman Firm, PC
200 West 57th Street
Suite 900
New York, New York 10019

Dated:  June 3, 2013

_____
Frederic L. Lieberman, Esq.