UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BENJAMIN MESSINGER, :

        Plaintiff, :

          ECF

- against -  :

          13 Civ. 2444 (AJN)(MHD)

JPMORGAN CHASE BANK, N.A., :

        Defendant. :

------------------------------------------------------------X


# DEFENDANT'S MEMORANDUM OF LAW
# IN SUPPORT OF ITS MOTION TO DISMISS
# THE AMENDED COMPLAINT IN PART


JPMORGAN CHASE LEGAL DEPARTMENT
Frederic L. Lieberman, Esq.
Attorneys for Defendant
JPMorgan Chase Bank, N.A.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-1815
frederic.l.lieberman@jpmchase.com

## TABLE OF CONTENTS

## TABLE OF AUTHORITIES

| Cases | Page |
|---|---|
| Alex, Brown & Sons Inc. v. Marine Midland Banks, Inc., 96 Civ. 2549 (RWS), 1997 WL 97837 (S.D.N.Y. Mar. 6, 1997) | 2 |
| Ashcroft v. Iqbal, 556 U.S. 662 (2009) | 5, 6 |
| Barbagallo v. Marcum LLP, 820 F. Supp.2d 429 (E.D.N.Y. 2011) | 2 |
| Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) | 5 |
| Cooper v. Parsky, 140 F.3d 433 (2nd Cir. 2000) | 4 |
| DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104 (2nd Cir. 2010) | 5 |
| Festa v. Local 3 Int'l Bd. of Elec. Workers, 905 F.2d 35 (2nd Cir. 1990) | 4 |
| Finnegan v. Univ. of Rochester Med. Ctr., 180 F.R.D. 247 (W.D.N.Y. 1998) | 2 |
| Giardina v. Washington Mutual Bank, CV 07-01466 (SJF), 2008 WL 821528 (E.D.N.Y. March 25, 2008) | 6 |
| Gortat v. Capala Brothers, Inc., 257 F.R.D. 353 (E.D.N.Y. 2009) | 2 |
| Hayden v. County of Nassau, 180 F.3d 42 (2nd Cir. 1999) | 6 |
| Mangiafico v. Blumenthal, 471 F.3d 391 (2nd Cir. 2006) | 6 |
| Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A., 244 F.R.D. 204 (S.D.N.Y. 2007) | 6 |
| Ricciuti v. New York City Transit Auth., 90 Civ. 2823 (CSH), 1991 WL 221110 (S.D.N.Y. Oct. 3, 1991) | 2 |
| Rosenberg v. Metlife, Inc., 453 F.3d 122 (2nd Cir. 2006) | 8 |
| Rosenberg v. Metlife, Inc., 8 N.Y.3d 359, 834 N.Y.S.2d 494 (2007) | 8 |
| Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774 (2nd Cir. 1984) | 4 |
| Sira v. Morton, 380 F.3d 57 (2nd Cir. 2004) | 6 |
| Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) | 4 |

|  | Page |
|---|---|
| Yung v. Lee. 432 F.3d 142 (2nd Cir. 2005) | 6 |

Regulations

| | |
|---|---|
| FINRA Manual, NASD Rule 1031(a) | 7 |
| FINRA By-Laws, Art. V, § 2 | 7 |
| FINRA By-Laws, Art. V, § 3 | 7 |

Treatises

| | |
|---|---|
| Wright & Miller, 5A Fed. Prac. & Proc. Civ. 2d § 1346 (West Supp. 2000) | 2 |

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BENJAMIN MESSINGER,                                         :
                        Plaintiff,                          :   ECF
          - against -                                       :   13 Civ. 2444 (AJN)(MHD)
JPMORGAN CHASE BANK, N.A.,                                  :
                        Defendant.                          :
------------------------------------------------------------X
```

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS
## THE AMENDED COMPLAINT IN PART

### PRELIMINARY STATEMENT

Defendant JPMorgan Chase Bank, N.A. (the "Bank") respectfully submits this Memorandum of Law in support of its motion to dismiss the First Cause of Action asserted in Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Benjamin Messinger, a former Bank employee, alleges that the Bank terminated his employment on account of his age and in retaliation for his earlier complaints about age discrimination. He further alleges that he was defamed by statements made by the Bank's affiliate, Chase Investment Services Corp. ("CISC", now known as J.P. Morgan Securities LLC), when it filed a Uniform Termination Notice for Securities Industry Registration ("Form U5") with the Financial Industry Regulatory Authority ("FINRA") regarding Plaintiff. He therefore seeks expungement of the Form U5, as well as substantial monetary relief.

Plaintiff's state law defamation claim should be dismissed for two reasons: first, the New York Court of Appeals has conclusively held that an absolute privilege protects from liability an employer's alleged defamatory statements made on a FINRA Form U5 describing the reason for the termination of employment of a securities industry registered employee. In addition, when Plaintiff executed his Uniform Application for Securities Industry Registration or Transfer (the "Form U4") concerning his employment with the Bank, he agreed to release his employer from all liability, of any type, for any statements made on his Form U5. Accordingly, as Defendant demonstrates below, its motion to dismiss Plaintiff's First Cause of Action should be granted.[1][2]

## STATEMENT OF FACTS[3]

In this action, Plaintiff brings three causes of action against the Bank: (1) U5 defamation; (2) age discrimination under the New York State Human Rights Law ("NYSHRL"); and (3) retaliation under the NYSHRL. Plaintiff alleges that he was the oldest employee at the Cedarhurst branch, the Bank treated younger bankers more favorably; the termination of Plaintiff's employment for allegedly violating company policy was merely a pretext for age

---

[1] In addition to this Memorandum of Law, Defendant submits the Declaration of Frederic L. Lieberman, executed June 3, 2013 and the exhibits thereto ("Lieberman Dec.").

[2] Defendant reserves its right to file an Answer to the Amended Complaint to address those of Plaintiff's claims which it does not seek to dismiss by this motion. The vast majority of courts that have considered this question hold that the filing of a partial motion to dismiss the complaint under Fed. R. Civ. P. 12 suspends a defendant's time to file a responsive pleading until 10 days after the Court's decision on the motion. See, e.g., Barbagallo v. Marcum LLP, 820 F. Supp.2d 429, 443 (E.D.N.Y. 2011); Gortat v. Capala Brothers, Inc., 257 F.R.D. 353, 365-66 (E.D.N.Y. 2009); Finnegan v. Univ. of Rochester Med. Ctr., 180 F.R.D. 247, 250 (W.D.N.Y. 1998) (and cases cited therein); Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc., 96 Civ. 2549 (RWS), 1997 WL 97837 at *6-7 (S.D.N.Y. Mar. 6, 1997); Ricciuti v. New York City Transit Auth., 90 Civ. 2823 (CSH), 1991 WL 221110 at *2 (S.D.N.Y. Oct. 3, 1991); see generally Wright & Miller, 5A Fed. Prac. & Proc. Civ. 2d § 1346 (West Supp. 2000) ("Today, the weight of authority holds that the filing of a motion that addresses only part of a complaint suspends the time to respond to the entire complaint ....") (emphasis added). Accordingly, Defendant has no obligation to answer any part of the Amended Complaint prior to a decision by this Court on this motion.

[3] For purposes of this motion only, Defendant assumes that the allegations set forth in the Amended Complaint are true. Defendant reserves its right to contest any or all of those allegations should this motion be denied.

discrimination; and that the Bank falsely reported misconduct on Plaintiff's FINRA Form U5. Exhibit "1" at ¶¶ 2, 13, 16, 36-37, and 39.

The sole fact alleged by Plaintiff regarding the alleged defamation is that "[a]fter terminating him, Defendant CHASE defamed Plaintiff MESSINGER by falsely reporting misconduct on his FINRA Form U5". Exhibit "1" at ¶ 39. For relief on this cause of action, Plaintiff demands "actual damages to be determined at trial, but in no event less than full and complete expungement of Plaintiff's FINRA Form U5." WHEREFORE paragraph (i).

Plaintiff's Complaint neither attached the Form U5 nor stated the specific defamatory words of which Plaintiff complains nor set forth any facts as to why a Form U5 was filed regarding Plaintiff. Accordingly, since such matters are integral to Plaintiff's defamation claim, Defendant provides the following facts and has attached the Forms U4 ("Uniform Application for Securities Industry Registration or Transfer") and U5 that were filed regarding the commencement and termination of Plaintiff's employment with the Bank.

Plaintiff possesses two securities industry licenses, i.e., the Series 7 and Series 63. As such, when employed by a firm in a position in which Plaintiff could engage in securities transactions, Plaintiff was required by FINRA regulations to submit to it a Form U4 at the commencement of his employment with the Bank. Since the Bank is not a member of FINRA, Plaintiff's licenses were registered through the Bank's affiliate, CISC. See Lieberman Dec. at ¶ 8 and Exhibit "2".

By signing his Form U4, Plaintiff agreed that

"I authorize all my employers and any other person to furnish to any ... SRO, ... any information they have, including without limitation my ... history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any

of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U5)."

Exhibit "2" at page 12, paragraph 8 (emphasis in original).

Then, at the termination of Plaintiff's employment with the Bank, CISC was required by FINRA regulations to file a Form U5. When a licensed employee is discharged, the Form U5 requires that a Termination Explanation be provided. CISC filed a Form U5, indicating that Plaintiff was discharged from his employment and providing an explanation for that action. See Lieberman Dec. at ¶ 9 and Exhibit "3". The Form U5 states for Plaintiff's termination explanation "Terminated by Affiliate Bank – Non Securities Related. Registered Rep Violated Bank Policy By Participating In A Sporting Event Ticket Event Promotion For Which Employees Were Not Eligible". Exhibit "3" at p. 1, Section 3.

## ARGUMENT

### I

#### STANDARDS FOR DETERMINATION OF MOTIONS TO DISMISS

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the District Court's role is to determine whether the complaint is sufficient as a matter of law. See Festa v. Local 3 Int'l Bd. of Elec. Workers, 905 F.2d 35, 37 (2nd Cir. 1990); Cooper v. Parsky, 140 F.3d 433, 440 (2nd Cir. 2000) ("[t]he task of the court in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint'") (quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2nd Cir. 1984)).

In recent years, the Supreme Court has clarified the standards used to determine whether a complaint is sufficient. First, in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 515 (2002), the Court held that a Title VII plaintiff is not required to plead facts sufficient to establish a

prima facie case in order to survive a motion to dismiss. Then, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted), the Court generally held that

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests' .... While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ..., a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, .... Factual allegations must be enough to raise a right to relief above the speculative level...."

The Court went on to hold that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570; DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2nd Cir. 2010).

Two years later, the Court elaborated on the "plausibility" standard it enunciated in Twombly. The Court wrote that "the pleading standard Rule 8 announces ... demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Instead,

> "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully....'"

Id. (citations omitted). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... But where the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." Iqbal, 556 U.S. at 679.

In conclusion, the Iqbal Court held that "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. However, "[a]t the motion to dismiss stage, where a plaintiff's 'factual allegations or legal conclusions are flatly contradicted by documentary evidence, they are not presumed to be true, or even accorded favorable inference[,]' ...." Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A., 244 F.R.D. 204, 213 (S.D.N.Y. 2007).

On a motion to dismiss, "the Court may consider 'any written instrument attached to [the complaint] as an exhibit, any statements or documents incorporated in it by reference, and any document not incorporated but that is, nevertheless 'integral' to the complaint because the complaint relies heavily upon its terms and effect.' Yung v. Lee. 432 F.3d 142, 146 (2nd Cir. 2005) (citations omitted)." Giardina v. Washington Mutual Bank, CV 07-01466 (SJF), 2008 WL 821528 *1-2 (E.D.N.Y. March 25, 2008); Sira v. Morton, 380 F.3d 57, 67 (2nd Cir. 2004). In addition, the Court also can refer to documents submitted on a motion to dismiss where they provide "background" or supplementary information. Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2nd Cir. 2006); Hayden v. County of Nassau, 180 F.3d 42, 54 (2nd Cir. 1999).

Here, Defendant submits via the Lieberman Declaration both background of supplementary information regarding the filing of the Forms U4 and U5 concerning Plaintiff, as well as the actual Forms U4 and U5 for Plaintiff which are integral to the Complaint.

II

**PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DISMISSED BECAUSE AN EMPLOYER'S STATEMENTS ON A FINRA FORM U5 ARE PROTECTED BY ABSOLUTE PRIVILEGE**

In his Third Cause of Action, Plaintiff alleges that the Bank "defamed Plaintiff MESSINGER in his FINRA Form U5" by "falsely reporting misconduct". Exhibit "1" at ¶¶ 39 and 41. The statement regarding the termination of Plaintiff's employment that are set forth on the Form U5 filed with FINRA shortly after the Bank terminated Plaintiff's employment is: "Discharged" and "Terminated by Affiliate Bank – Non Securities Related. Registered Rep Violated Bank Policy By Participating In A Sporting Event Ticket Event Promotion For Which Employees Were Not Eligible". Exhibit "3" at p. 1, Section 3. This cause of action must be dismissed because these statements are protected by absolute privilege.

As a FINRA member firm, CISC was required to register Plaintiff with FINRA in order for him to "be engaged in the investment banking or securities business" under its supervision. See FINRA Manual, NASD Rule 1031(a), available at www.finra.org; FINRA By-Laws, Art. V, § 2. CISC did so when it filed the Form U4, signed by Plaintiff, in May 2009. See Exhibit "2". Then, after the Bank terminated Plaintiff's employment in July 2012, and Plaintiff was "no longer active in the member's investment banking or securities business", CISC was required to terminate Plaintiff's securities industry registration. See FINRA Manual, NASD Rule 1031(a), available at www.finra.org; FINRA By-Laws, Art. V, § 3. CISC did so when it filed the Form U-5 in Augsut 2012. See Exhibit "3".

- 7 -

In <u>Rosenberg v. Metlife, Inc.</u>, 453 F.3d 122, 128 (2nd Cir. 2006), the plaintiff challenged the United States District Court's dismissal of his libel claim based on his former employer's statement of the reason for his termination on the Form U5. The Court of Appeals for the Second Circuit concluded that the plaintiff had presented an unsettled issue of New York law and certified to the New York Court of Appeals the question of whether statements made by an employer on a Form U5 are subject to an absolute privileged or qualified privilege in a defamation lawsuit.

Acting upon that certified question, the New York Court of Appeals unequivocally held that "<u>[s]tatements made by an employer on a NASD employee termination notice are subject to an absolute privilege in a suit for defamation.</u>" <u>Rosenberg v. Metlife, Inc.</u>, 8 N.Y.3d 359, 368, 834 N.Y.S.2d 494, 500 (2007). The Court explained that the absolute privilege that applies to statements made during the course of a judicial or quasi-judicial proceeding, provided such statements are material and pertinent to the questions involved, can extend to the preliminary or investigative stages of process. <u>Id.</u> at 365, 443. The Court held that "[t]he Form U-5's compulsory nature and its role in the NASD's quasi-judicial process, together with the protection of public interests, lead us to conclude that statements made by an employer on the form should be subject to an absolute privilege." <u>Id.</u> at 368, 499.

As the issue whether statements made on a Form U5 are protected by absolute privilege has been well-settled by the Court of Appeals, there can be no dispute that Plaintiff's defamation claim must be dismissed as a matter of law.

III

### PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF EXPRESSLY RELEASED ALL SUCH CLAIMS

Alternatively, Plaintiff released all claims of defamation related to statements made in his Form U5. Plaintiff's Form U4, which he signed, provides, in part:

> I authorize all my employers and any other person to furnish to any jurisdiction, SRO, designated entity, employer, prospective employer, or any agent acting on its behalf, any information they have, including without limitation my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, <u>I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U5)</u>.

Exhibit "2" at page 12, paragraph 5. Thus, because Plaintiff expressly waived all claims of defamation related to his Form U5, his claim for defamation is barred.

### CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's motion, dismiss the First Cause of Action asserted in Plaintiff's Amended Complaint in its entirety, and grant such other and further relief as this Court may deem just and proper.

Dated: June 3, 2013

JPMORGAN CHASE LEGAL DEPARTMENT

By: _____
Frederic L. Lieberman, Esq.
Attorneys for Defendant
One Chase Manhattan Plaza, Floor 26
New York, New York 10081
(212) 552-1815
frederic.l.lieberman@jpmchase.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BENJAMIN MESSINGER,                            :

                     Plaintiff,              :       ECF

   - against -                                        :       13 Civ. 2444 (AJN) (MHD)

JPMORGAN CHASE BANK, N.A.,                 :       **CERTIFICATE OF SERVICE**

                   Defendant.             :

------------------------------------------------------------------X

I hereby certify that on June 3, 2013 I caused a copy of the following documents:

**NOTICE OF MOTION TO DISMISS THE AMENDED COMPLAINT IN PART PURSUANT TO FED. R.CIV. P. 12(b)(6),**

**DECLARATION OF FREDERIC L. LIEBERMAN PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT IN PART PURSUANT TO FED. R. CIV. P. 12(b)**

and

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT IN PART**

to be served by First Class Mail directed to the attorneys for Plaintiff at the following address:

Walker G. Harman, Jr., Esq.
The Harman Firm, PC
200 West 57th Street
Suite 900
New York, New York 10019

Dated: June 3, 2013

                                                                _____
                                                                Frederic L. Lieberman, Esq.