UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

BENJAMIN MESSINGER,

       *Plaintiff,*

    *v.*                                    13 CV 2444 (AJN)(MHD)

JPMORGAN CHASE BANK, N.A.,

       *Defendant.*

---------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS IN PART THE AMENDED COMPLAINT**


**THE HARMAN FIRM, PC**
*Counsel for Plaintiff*
Walker G. Harman, Jr. [WH-8044]
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com

## TABLE OF CONTENTS

I. FACTS ...........................................................................................................................1

II. PROCEDURAL HISTORY ...........................................................................................1

III. ARGUMENT .................................................................................................................2

   A. Standards for Determination of Motions to Dismiss ............................................2

   B. Plaintiff Did Not Make Any Claim for Defamation .............................................3

   C. Injunctive Relief is Appropriate under FED. R. CIV. P. 65 for
      False Reporting on FINRA Form U-5 ...................................................................3

IV. CONCLUSION ..............................................................................................................5

## **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......................................................... 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......................................................... 2

*Chase Grp. Alliance v. N.Y.C. Dep't of Fin.*,
  620 F.3d 146 (2d Cir. 2010) ..................................................................................................... 2

*Conley v. Gibson*,
  355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ...................................................................... 3

*Ideal Steel Supply Corp. v. Anza*,
  652 F.3d 310 (2d Cir. 2011), *cert. denied*,
  132 S. Ct. 1636, 182 L. Ed. 2d 246 (2012) ............................................................................... 3

*Religious Tech. Ctr. v. Lerma*,
  908 F. Supp. 1362 (E.D. Va. 1995) .......................................................................................... 3

*Rosenberg v. MetLife*,
  493 F.3d 290 (2d Cir. 2007) ..................................................................................................... 5

*Rosenberg v. MetLife*,
  8 N.Y.3d 359, 866 N.E.2d 439 (N.Y. 2007) ............................................................................. 4

*Sankin v. Abeshouse*,
  545 F. Supp. 2d 324 (S.D.N.Y. 2008) ...................................................................................... 2

*Terrorist Attacks on Sept. 11, 2001, In re*,
  714 F.3d 118 (2d Cir. 2013) ..................................................................................................... 2

**Statutes**

N.Y. EXEC. LAW §§ 290–97 ........................................................................................................... 1

**Rules**

FED. R. CIV. P. 12(b)(6) ............................................................................................................. 2, 3
FED. R. CIV. P. 65 ....................................................................................................................... 1, 3
FED. R. CIV. P. 8(a)(2) ..................................................................................................................... 2
FINRA Rules, Rule 2080(b)(1) ....................................................................................................... 5
Individual Practices in Civil Cases, U.S.D.J. Alison J. Nathan ..................................................... 1
NASD Rules, Rule 3010(e) ............................................................................................................. 4

I. **FACTS**

In May 2009, Plaintiff Benjamin Messinger began working for Defendant Chase as a Personal Banker after years of success in the financial field. Mr. Messinger's licenses include: Series 7, Series 63, and Life, Health and Accidental Life insurance. *Amended Complaint* ¶ 11.

From May 2009 until on or around July 31, 2012, when Mr. Messinger was illegally terminated due to his age, he met or exceeded all expectations imposed by Chase and won several awards for his performance. *Id.* ¶ 12. At the time of his termination, Mr. Messinger was the oldest employee at his branch location. *Id.* ¶ 13. The other personal bankers were age 30, 30, and 27; the business banker was 32; and the branch manager was 30. Mr. Messinger was 52 years old upon his termination. *Id.* ¶ 14. He was treated differently than the younger personal bankers and was repeatedly subjected to age discrimination while employed by Chase. *Id.* ¶ 15. Upon information and belief, Chase favors younger personal bankers and financial advisors and has a pattern and practice of discrimination against older personal bankers and financial advisors. *Id.* ¶ 16.

II. **PROCEDURAL HISTORY**

Mr. Messinger filed his Complaint on Apr. 11, 2013.

On May 3, 2013, Chase moved to dismiss the Complaint. Pursuant to § 3.F. of the Court's Individual Practices in Civil Cases, Mr. Messinger elected to amend the Complaint, which he did on May 15, 2013.

Mr. Messinger's Amended Complaint alleges false reporting and on his FINRA Form U-5 ("U-5") (injunctive relief under FED. R. CIV. P. 65 for defamation), and age discrimination and retaliation under the NYSHRL (N.Y. EXEC. LAW §§ 290–97). *Am. Compl.* ¶¶ 40–47.

In the meantime, Mr. Messinger filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. He is awaiting notice of his Right to Sue, which he expects imminently.

On June 3, 2013, Chase again moved to dismiss a phantom claim of defamation that does not appear in the Amended Complaint. *Defendant's Motion to Dismiss in Part the Amended Complaint* at 7–9. For these reasons, Mr. Messinger herein opposes Chase's Motion.

### III.   ARGUMENT

**A.   Standards for Determination of Motions to Dismiss.**

In deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 118, 122 (2d Cir. 2013) (quoting *Chase Grp. Alliance v. N.Y.C. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010)); *Sankin v. Abeshouse*, 545 F. Supp. 2d 324, 327 (S.D.N.Y. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Terrorist Attacks*, 714 F.3d, at 122 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (internal quotation marks omitted)); *Sankin*, 545 F. Supp. 2d, at 327. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *In re Terrorist Attacks*, 714 F.3d, at 122.

FED. R. CIV. P. 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,

127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80, 85 (1957)).  A complaint attacked by a FED. R. CIV. P. 12(b)(6) motion to dismiss does not need detailed factual allegations. *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 323 (2d Cir. 2011).  As part of his *prima facie* claims of age discrimination, Mr. Messinger has satisfied the pleading requirements for the injunctive relief that he seeks pursuant to FED. R. CIV. P. 65.

**B.     Plaintiff Did Not Make Any Claim for Defamation.**

Chase moves that this Court dismiss a purported "defamation" claim arguing that an employer's "statements" on a U-5 are protected by absolute privilege. *Def.'s Mot. to Dismiss* at 7.  None of Mr. Messinger's Causes of Action even mention defamation. *See Am. Compl.*, Causes of Action, ¶¶ 40–47.  Chase has haphazardly thrown the kitchen sink of legal defenses into a serious yet frivolous brief, where the stakes are high, forcing Mr. Messinger to clear Chase's arbitrary and tangential hurdles.  Defendant seeks "to 'harass and discourage rather than to win.' " *Religious Tech. Ctr. v. Lerma*, 908 F. Supp. 1362, 1368 (E.D. Va. 1995) (quoting L. Ron Hubbard).

Since Chase has moved to dismiss a cause of action that Mr. Messinger never even pleaded, their Motion is utterly frivolous, should be dismissed, and costs should be awarded to Plaintiff for having to oppose it.

**C.     Injunctive Relief is Appropriate under FED. R. CIV. P. 65 for False Reporting on FINRA Form U-5.**

Mr. Messinger's first Cause of Action is for the expungement of his U-5, pursuant to FED. R. CIV. P. 65. *Am. Compl.* ¶¶ 40–41.  Chase caused Mr. Messinger irreparable harm (both present and future) due to the false and misleading information that Chase foisted onto Mr.

Messinger's U-5. However, Mr. Messinger seeks damages only for economic loss under the anti-discrimination statutes pleaded in his Amended Complaint. He does not, and has not sought damages, including economic loss, for the false and misleading information that Chase added to his U-5.

The FINRA Form U-5 serves two (2) primary functions:

(i) It permits the National Association of Securities Dealers ("NASD") to investigate terminations for cause in order to determine whether the representative in question violated any securities rules; and

(ii) It assists prospective employers to research the backgrounds of potential employees.

The NASD therefore requires member firms to review applicants' most recent U-5 during the hiring process (*see* NASD Rule 3010(e)); *Rosenberg v. MetLife*, 8 N.Y.3d 359, 368, 866 N.E.2d 439, 444 (N.Y. 2007). Accurate and forthright responses on the U-5 are critical to achieving these objectives. *Id.* The New York Court of Appeals held in *Rosenberg* that statements made by an employer on a U-5 should be subject to an absolute privilege concerning defamation claims. However, registered employees who are maliciously defamed on a U-5 are not "without remedy as they may commence an arbitration proceeding or **court action to expunge any alleged defamatory language**." *Rosenberg*, 8 N.Y.3d at 368, 866 N.E.2d at 445 (emphasis added).

While Chase correctly notes that *Rosenberg* eventually made it to the Court of Appeals for the Second Circuit, it was not on the grounds raised in this action, but rather "the question of

4

whether an employee may base an action for libel on statements on a Form U-5." *Rosenberg v. MetLife*, 493 F.3d 290, 290 (2d Cir. 2007). Mr. Messinger has not asserted a claim for libel.

To obtain any order of expungement, an affirmative judicial or arbitral finding of one of the following is required:

> (i) The claim, allegation or information is factually impossible or clearly erroneous;
>
> (ii) The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds; or
>
> (iii) The claim, allegation or information is false.

FINRA Rule 2080(b)(1).

Mr. Messinger pled exactly this: that the Court should order expunge the false information on his U-5 due to Chase's discrimination against him. *Am. Compl.* ¶¶ 39–41.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Chase's Motion to Dismiss in Part the Amended Complaint.

| | |
|---|---|
| Dated: New York, New York<br>July 1, 2013 | Respectfully submitted by:<br>THE HARMAN FIRM, PC<br>*Counsel for Plaintiff*<br><br>_____s/_____<br>Walker G. Harman, Jr. [WH-8044]<br>200 West 57th Street, Suite 900<br>New York, New York 10019<br>(212) 425-2600<br>wharman@theharmanfirm.com |