```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BENJAMIN MESSINGER,                               :

                      Plaintiff,                  :    ECF

       - against -                                :    13 Civ. 2444 (AJN)(MHD)

JPMORGAN CHASE BANK, N.A.,                        :

                      Defendant.                  :
-----------------------------------------------------------------X
```

### DEFENDANT'S REPLY MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
### THE AMENDED COMPLAINT IN PART

#### PRELIMINARY STATEMENT

Defendant JPMorgan Chase Bank, N.A. (the "Bank") respectfully submits this Reply Memorandum of Law in further support of its motion to dismiss the First Cause of Action asserted in Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

In moving to dismiss this cause of action, Defendant asserted that: (1) an employer's alleged defamatory statements made on a FINRA Form U5 describing the reason for the termination of employment of a securities industry registered employee is protected by absolute privilege; and (2) when Plaintiff began his employment with the Bank, he voluntarily released all claims concerning any statements made on his Form U5 regarding the termination of his employment. In opposition to Defendant's motion, Plaintiff argues that: (1) he has not asserted any claim for defamation in his First Cause of Action; and (2) his First Cause of Action asserts a claim for injunctive relief which is appropriate under Fed. R. Civ. P. 65. As will be seen,


Plaintiff's arguments are without merit because: (1) the First Cause of Action in Plaintiff's Amended Complaint explicitly asserts a defamation claim; and (2) Plaintiff has not asserted any reason why his release of all claims regarding statements made on his Form U5 should not be enforced. Accordingly, the First Cause of Action in the Amended Complaint should be dismissed in its entirety.

I

**PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DISMISSED BECAUSE AN EMPLOYER'S STATEMENTS ON A FINRA FORM U5 ARE PROTECTED BY ABSOLUTE PRIVILEGE**

In his opposition to Defendant's motion, Plaintiff argues that the First Cause of Action in his Amended Complaint "alleges false reporting", Plaintiff's Memorandum of Law at p. 1, that Defendant's motion seeks "to dismiss a phantom claim of defamation that does not appear in the Amended Complaint", id. at p. 2, and that "[n]one of Mr. Messinger's Causes of Action even mention defamation." Id. at p. 3. Plaintiff also argues that "[h[e does not, and has not sought damages, including economic loss, for the false and misleading information that Chase Added to his U-5." Id. at p. 3. Plaintiff's arguments are contrary to the explicit language of his Amended Complaint and should be rejected.

Plaintiff's Amended Complaint asserts that "[a]fter terminating him, Defendant CHASE defamed Plaintiff MESSINGER by falsely reporting misconduct on his FINRA Form U5." Defendant's Exhibit "1" at ¶ 39 (emphasis added). Plaintiff then asserts his First Cause of Action, premised on the "false and misleading information on Plaintiff's FINRA Form U5". Id. at ¶ 41. Finally, for relief on this First Cause of Action, Plaintiff seeks "actual damages to be determined at trial, but in no event less than full and complete expungement of Plaintiff's Form U-5". Id. at WHEREFORE, PART (i) (emphasis added). Thus, the First Cause of Action does explicitly assert

that Plaintiff was defamed by the termination explanation on his Form U5 and that he should be awarded damages for that alleged defamation.

Moreover, Plaintiff's use of the language "falsely reporting" and "false and misleading information" does not make the First Cause of Action something other than defamation since falsity is a critical element of any defamation claim. See, e.g., In Touch Concepts, Inc. v. Cellco Partnership, 13 Civ. 1419 (PKC), 2013 WL 2455923 *30 (S.D.N.Y. June 4, 2013); Chau v. Lewis, 11 Civ. 1333 (GBD), 2013 WL 1296374 *5 (S.D.N.Y. March 29, 2013).

Accordingly, Plaintiff's First Cause of Action did assert a claim for defamation for which Plaintiff seeks an award of damages, which, as previously shown, is barred by absolute privilege.

## II

### PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF EXPRESSLY RELEASED ALL SUCH CLAIMS

In apparent opposition to Defendant's argument that Plaintiff released all claims predicated on information included by the Bank on Plaintiff's Form U5, Plaintiff does not dispute the provisions that he agreed to when he executed his Form U4 when hired by the Bank, but instead argues that he is entitled to seek expungement of his Form U5 pursuant to Fed. R. Civ. P. 65. Plaintiff's Memorandum of Law at pp. 3-5. Thus, Plaintiff's First Cause of Action states in its entirety: "Defendant Chase caused Plaintiff to suffer economic loss due to the false and misleading information on Plaintiff's FINRA Form U5; therefore, Plaintiff MESSINGER seeks the expungement of his Form U5, pursuant to Fed. R. Civ. P. 65." Defendant's Exhibit "1" at ¶ 41.

Fed. R. Civ. P. 65, however, is only a rule of civil procedure that governs the issuance of preliminary injunctions and temporary restraining orders. The Rule does not create any cause of action of its own; rather, it permits the issuance of such injunctions and orders in connection with causes of action that stem from other statutory or common law causes of action. In this case, the

Amended Complaint ties Rule 65 only to his cause of action for "false and misleading information: on Plaintiff's Form U5, i.e., Plaintiff's defamation claim. However, as shown, that cause of action is barred both by absolute privilege and by Plaintiff's release of all claims pertaining to statements on his Form U5. Accordingly, Plaintiff has no viable claim upon which to seek Rule 65 relief.

Plaintiff's citation to FINRA Rule 2080(b)(1) is irrelevant because Rule 2080 applies only to "Obtaining an Order of <u>Expungement of Customer Dispute Information</u> from the Central Registration Depository (CRD) System". FINRA Rule 2080 (emphasis added). The information at issue in this matter was not based on any customer dispute. Moreover, FINRA's Frequently Asked Questions for Rule 2080 make this point clear.

> "Rule 2080 pertains to customer dispute information. … The requirements of Rule 2080 do not apply to information concerning intra-industry disputes between firms and associated persons with no customer party that typically has been reported on Form U5 in response to the Reason for Termination question or the Internal Review or Termination Disclosure questions and associated disclosure reporting page(s). Under existing CRD policy, and consistent with the 1999 moratorium, FINRA may execute, without a court order, arbitration awards rendered in disputes between firms and associated persons that contain directives to expunge information other than customer dispute information, provided that the arbitration panel states that expungement relief is being granted because of the defamatory nature of the information. … These expungements are not covered by Rule 2080."

See http://www.finra.org/industry/compliance/registration/crd/filingguidance/p005224.

Plaintiff's U5 expungement claim should be dismissed in its entirety.

## CONCLUSION

For the reasons set forth previously and herein, Defendant respectfully requests that this Court grant Defendant's motion, dismiss the First Cause of Action asserted in Plaintiff's Amended Complaint in its entirety, and grant such other and further relief as this Court may deem just and proper.

Dated: July 8, 2013

JPMORGAN CHASE LEGAL DEPARTMENT

By: _____
Frederic L. Lieberman, Esq.
Attorneys for Defendant
One Chase Manhattan Plaza, Floor 26
New York, New York 10081
(212) 552-1815
frederic.l.lieberman@jpmchase.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BENJAMIN MESSINGER,                       :

                Plaintiff,          :        ECF

     - against -                              :        13 Civ. 2444 (AJN) (MHD)

JPMORGAN CHASE BANK, N.A.,                :        **CERTIFICATE OF SERVICE**

                Defendant.         :

------------------------------------------------------------X

I hereby certify that on July 8, 2013 I caused a copy of the following documents:

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
THE AMENDED COMPLAINT IN PART**

to be served by First Class Mail directed to the attorneys for Plaintiff at the following address:

Walker G. Harman, Jr., Esq.
The Harman Firm, PC
200 West 57th Street
Suite 900
New York, New York 10019

Dated: July 8, 2013

_____
Frederic L. Lieberman, Esq.