**THE HARMAN FIRM, PC**

ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

November 6, 2013

**VIA ECF**
Hon. Alison J. Nathan
United States District Court for the
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

  **Re:** *Messinger v. JPMorgan Chase Bank, N.A.,*
     **13 CV 2444 (AJN)**

Dear Judge Nathan:

  We represent Plaintiff Benjamin Messinger in the above-referenced action. In this matter, Plaintiff seeks damages against his former employer, Defendant JPMorgan Chase Bank, N.A., for unlawful termination due to age discrimination and retaliation. We write to seek the Court's guidance regarding further prosecution of this case in light of Defendant's pending Motion to Dismiss the Amended Complaint in Part ("Partial Motion to Dismiss").

  While Plaintiff has sought to prosecute this action, Defendant refuses to engage in good faith. For example, Defendant's in-house counsel, Frederic L. Lieberman, Esq., has rejected all attempts to meet and confer pursuant to FED. R. CIV. P. 26(f), asserting that Defendant's Partial Motion to Dismiss must be decided prior to any further discussion of discovery in this matter. We, however, are aware of no rule that stays discovery upon a FED. R. CIV. P. 12(b) motion to dismiss, and Defendant fails to offer any authority for its position. *See* Letter from Defendant to this office, dated Nov. 4, 2013, annexed as *Ex. A*.

  In addition, in connection with Defendant's apparent attempt to avoid discovery, Defendant failed to comply with Rule 3.H. of this Court's Individual Practices in Civil Cases, which directs that a "movant shall send a letter to alert the Court," when, as in Defendant's Partial Motion to Dismiss, the Court has "not decided within 60 days of the time that it has become fully briefed." Had Defendant complied, that letter would have been issued September 6, 2013. Instead, Defendant is sixty-one (61) days deficient and refuses to engage in discovery.

  Furthermore, Plaintiff requested information from Defendant's counsel on October 29, 2013, regarding which individuals it represents in this action.[1] Defendant's counsel refuses to confirm or deny whether it also represents these witnesses, nor has it responded to our request for clarification.

---

1. Plaintiff seeks verification of Defendant's counsel's representation of potential witnesses: (i) Lonny Rothman; (ii) Evan Lefkowitz; (iii) David Cohen; (iv) Scott Stone; (v) Elana Rose A.K.A. Elena Rose; and (vi) Giorgio Maia.

Hon. Allison J. Nathan
November 6, 2013
Page 2 of 2

      Finally, we submit that Plaintiff does not seek to procure from Defendant a pre-decision answer to the Amended Complaint. We agree that it would be inappropriate for Defendant to interpose an answer now, with consideration to the pending Partial Motion to Dismiss.

      For these reasons, Plaintiff respectfully seeks the Court's guidance and assistance.

                                      Respectfully submitted,
                                      THE HARMAN FIRM, PC

                                      _____s/_____
                                      Walker G. Harman, Jr. [WH-8044]


cc:      Frederic L. Lieberman, Esq. (via ECF)