# JPMorgan Chase & Co.

**Frederic L. Lieberman**
Executive Director/Assistant General Counsel
Legal Department

November 4, 2013

Via email – wharman@theharmanfirm.com

Walker G. Harman, Jr., Esq.
The Harman Firm, PC
200 West 57th Street
Suite 900
New York, New York 10019

      Re:    Benjamin Messinger v. JPMorgan Chase Bank, N.A.
                (U.S. Dist. Ct., S.D.N.Y., 13 Civ. 2444 (AJN) (MHD))

Dear Mr. Harman:

      The JPMorgan Chase Legal & Compliance Department represents Defendant in the above-entitled action. We have received copies of Plaintiff's Initial Disclosures, First Document Requests and Interrogatories to Defendant, and a Notice of Deposition.

      As you know, Defendant filed a motion to dismiss the Amended Complaint in part pursuant to Fed. R. Civ. P. 12(b), and that motion remains sub judice. However, "[a] party may file a motion to dismiss only certain claims—*i.e.,* a partial motion to dismiss—and the filing of any motion under Rule 12 postpones a defendant's time to answer until fourteen days after the motion is decided. FED. R. CIV. P. 12(a)(4)(A)". Dekom v. New York, 12–CV–1318 (JS)(ARL), 2013 WL 3095010 *5 (E.D.N.Y. June 18, 2013); Barbagallo v. Marcum LLP, 820 F. Supp. 429, 443 (E.D.N.Y. 2011); Gortat v. Capala Bros., Inc., 257 F.R.D. 353, 366 (E.D.N.Y. 2009). Accordingly, Defendant is not yet required to serve and file an Answer to the Amended Complaint in this action.

      In addition, Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…." No such conference of the parties has been held in this matter. Accordingly, Plaintiff's document requests, interrogatories, and Rule 30(b)(6) deposition are premature and improper.

                                                                     Very truly yours,

FLL