# JPMorgan Chase & Co.

**Frederic L. Lieberman**
Executive Director/Assistant General Counsel
Legal Department

November 7, 2013

Via ECF

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

        Re:    Benjamin Messinger v. JPMorgan Chase Bank, N.A.
                (U.S. Dist. Ct., S.D.N.Y., 13 Civ. 2444 (AJN) (MHD))

Your Honor:

      The JPMorgan Chase Legal Department represents Defendant JPMorgan Chase Bank, N.A. in the above-entitled action. I write pursuant to Section 2(C) of your Individual Practices in Civil Cases in response to the November 6, 2013 letter from Plaintiff's counsel.

      First and foremost, Defendant has not refused to engage in good faith prosecution and defense of this action. As the Court knows, Defendant has vigorously sought to obtain dismissal pursuant to Fed. R. Civ. P. 12(b) of certain claims asserted by Plaintiff in his original Complaint and his Amended Complaint. There is ample authority that "the filing of any motion under Rule 12 postpones a defendant's time to answer until fourteen days after the motion is decided. FED. R. CIV. P. 12(a)(4)(A)". Dekom v. New York, 12–CV–1318 (JS) (ARL), 2013 WL 3095010 *5 (E.D.N.Y. June 18, 2013); Barbagallo v. Marcum LLP, 820 F. Supp. 429, 443 (E.D.N.Y. 2011); Gortat v. Capala Bros., Inc., 257 F.R.D. 353, 366 (E.D.N.Y. 2009) ("[i]f ... partial motions to dismiss did not suspend a party's obligation to reply to additional claims, the result would be 'a procedural thicket' of piecemeal answers that would poorly serve judicial economy."). Accordingly, Defendant is not yet required to serve and file an Answer to the Amended Complaint in this action.

      A recent article that reviewed decisions regarding motions to dismiss in part concluded that "the majority of courts that have addressed a partial motion to dismiss within the context of

The Honorable Alison J. Nathan                                                        November 7, 2013
Page 2

Rule 12 have held that this type of motion *does*, in fact, suspend the time to answer the claims not subject to the motion." Raab and Hudson, The Partial Motion To Dismiss: Is Piecemeal Litigation Required In Federal Court Under Rule 12?, 59-DEC Fed. Law. 25 (December 2012). As explained by Raab and Hudson, "[t]he primary advantages of the majority view are reducing inefficient, duplicative pleadings and narrowing the scope of discovery to save parties the expense of 'exploring the factual predicate for claims that have no legal merit.' ... Additionally, requiring a defendant to answer all unchallenged counts in a complaint while a partially dispositive motion is pending would cause confusion 'over the proper scope of discovery during the motion's pendency.' This, in turn, could very likely lead to needless discovery disputes and result in time-consuming and expensive motion practice." Raab and Hudson, The Partial Motion To Dismiss: Is Piecemeal Litigation Required In Federal Court Under Rule 12?, 59-DEC Fed. Law. 25 (December 2012).

For these reasons, Defendants submit that no discovery should take place in this matter until after the motion to dismiss is decided. In the meantime, as requested, Defendant will advise Plaintiff's counsel whether it will represent potential witnesses if they are deposed by Plaintiff in this action.

Respectfully,

FLL
cc:   Walker G. Harman, Jr., Esq. (letter via email - wharman@theharmanfirm.com)