USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 0 7 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Benjamin Messinger,
                Plaintiff,

—v—

JPMorgan Chase Bank, N.A.,
                Defendant.

13 Civ. 2444 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Benjamin Messinger brings this action against his former employer, JPMorgan Chase, N.A., alleging (1) False Reporting on Financial Industry Regulatory Authority (FINRA) Form U5, (2) age discrimination in violation of the New York State Human Rights Law (NYSHRL), and (3) retaliation in violation of the NYSHRL. Defendant moves to dismiss Plaintiff's First Cause of Action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to state a claim upon which relief can be granted. For the reasons explained below, Defendant's motion to dismiss is GRANTED.

## I. BACKGROUND

    The following factual allegations are taken from Plaintiff's Amended Complaint, Dkt. No. 10, and a document that the Defendant introduced, Plaintiff's FINRA "Form U5 Uniform Termination Notice for Securities Industry Registration," which the Court finds is integrated into the Complaint by reference. *See Lobaito v. Chase Bank*, No. 11 Civ. 6883 (PGG), 2012 WL 3104926, at *1 n. 3 (S.D.N.Y. July 31, 2012), *aff'd*, 529 F. App'x 100 (2d Cir. 2013) ("consider[ing] Form U5 in ruling on [Defendant]'s motion to dismiss . . . because the Complaint refers to [Defendant]'s allegedly false statements on the Form U5"). These alleged facts are accepted as true for the purposes of this motion, with all reasonable inferences construed in Plaintiff's favor.

Benjamin Messinger worked for JPMorgan Chase Bank, N.A. as a Personal Banker from May 2009 to July 31, 2012. Ame. Compl. ¶¶ 10, 36–37. During his employment, Messinger was recognized as an award-winning "National Achiever" and recognized as a "top producer." *Id.* ¶¶ 17–18, 28.[1] However, Chase Bank subjected Messinger, the oldest employee at his branch, to a "pattern and practice of age discrimination against older personal bankers and financial advisors." *Id.* 13, 16. Finally, Chase investigated Messinger for a "trivial and entirely harmless" action and used that purported violation of company policy as pretext for firing him. *Id.* 36–37.

After firing him, Chase falsely reported in Messinger's FINRA Form U5 that he was terminated for misconduct, stating that he was fired for a "[v]iolat[ing] bank policy by participating in a sporting ticket event promotion for which employees were not eligible." *Id.* ¶ 39; Form U5 at § 3. Messinger alleges that in fact he was fired because of his age and in retaliation for his complaints about the discrimination he had already suffered. Ame. Compl. ¶¶ 36, 43, 46.

This action followed on April 11, 2013. Dkt. No. 1. After Chase moved to dismiss the original Complaint, Dkt. No. 6, Messinger elected to file the Amended Complaint on May 15, 2013. Dkt. No. 10. The Amended Complaint indicates three causes of action, and Defendant now moves to dismiss Plaintiff's first cause of action, which is labeled "False Reporting on Financial Industry Regulatory Authority (FINRA) Form U5." Ame. Compl. ¶ 40–41.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff's complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). For purposes of the motion to dismiss, all of the "factual allegations contained in the complaint" must be "accepted as true." *Id.*

---

[1] References marked by pilcrows indicate numbered paragraphs of the Amended Complaint.

at 572. Though these allegations need not be "detailed," they must "state a claim to relief that is plausible on its face." *Id.* at 555. A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007).

On a Rule 12(b)(6) motion, a district court may consider "the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFalco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

### III.   DISCUSSION

Plaintiff, having alleged that the "Defendant . . . defamed [him] . . . by falsely reporting misconduct on his FINRA Form U5," styles his first cause of action as "False Reporting on FINRA Form U5 (Injunctive Relief under FED. R. CIV. P [.] 65)," and "seeks the expungement of his Form U5." ¶¶ 40–41. The Defendant argues this fails to state a claim because the allegedly defamatory statements are protected by an absolute privilege. Def. Mem. 7–8. Plaintiff responded by explicitly disavowing any defamation claim, arguing the "first cause of action" merely seeks "the expungement of his U-5, pursuant to Fed. R. Civ. P. 65." Pl.'s Oppo. Mem. 3. Plaintiff asserts that pursuant to FINRA regulations, he may obtain an order of expungement if the Court finds that, *inter alia*, that "[t]he claim, allegation or information [in the Form U5] is false." *Id.* at 5 (citing FINRA Rule 2080(b)(1)). Plaintiff appears to have attempted to state a claim that arises under either FINRA Rule 2080 or FRCP Rule 65. Neither rule provides Plaintiff with a valid cause of action.

FINRA Rule 2080 does not provide Plaintiff with a free-standing "expungement" cause of action. It instead appears to provide procedures for obtaining expungement as a *remedy*, in situations that are inapplicable to Plaintiff's case. Rule 2080 is entitled "Obtaining an Order of

3

Expungement of *Customer Dispute Information* from the Central Registration Depository (CRD) System" and specifically applies to "persons seeking to expunge information from the CRD system *arising from disputes with customers*." FINRA Rule 2080, 2080(a) (emphases added). Plaintiffs' Amended Complaint and Form U5 relate to an "intra-industry dispute[]," not a dispute with a customer. *See* FINRA RULE 2080 (FORMERLY NASD RULE 2130) FREQUENTLY ASKED QUESTIONS, http://www.finra.org/Industry/Compliance/Registration/CRD/FilingGuidance/p005224 ("The requirements of Rule 2080 do not apply to information concerning intra-industry disputes between firms and associated persons with no customer party that typically has been reported on Form U5 in response to the Reason for Termination question or the Internal Review or Termination Disclosure questions and associated disclosure reporting page(s)."). Even if his dispute did involve a customer and fall under Rule 2080, Plaintiff cites no authority suggesting Rule 2080 provides a cause of action independent from another underlying claim. Even if the Rule did permit a claim, "[m]embers or associated persons petitioning a court for expungement relief . . . must name FINRA as an additional party . . . unless this requirement is waived," and Plaintiff has not done so. Rule 2080(b); *see Karsner v. Lothian*, 532 F.3d 876, 887 (D.C. Cir. 2008) (noting that the rule "requires that . . . FINRA . . . be named as a party unless . . . [it] waives the requirement."). Accordingly, since the Rule 2080 governs a remedy, not a cause of action, Plaintiff cannot invoke it to survive the motion to dismiss.

Similarly, Federal Rule of Civil Procedure 65 governs the issuance of injunctions and other equitable remedies. Plaintiff cannot state a claim under this rule, because "injunctions are remedies, not causes of action." *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406 (S.D.N.Y. 2010); *see Miller v. Wells Fargo Bank, N.A.*, No. 13 Civ. 1541 (VB), 2014 WL 349723, at *11 (S.D.N.Y. Jan. 30, 2014) (granting motion to dismiss "plaintiff's 'cause of action' for declaratory and injunctive relief" because these "are remedies, not causes of action") (citing *Chiste*, 756 F.Supp.2d at 406); *In re Minpeco, USA, Inc.*, 237 B.R. 12, 31 (Bankr. S.D.N.Y. 1997) (granting summary judgment because a "claim . . . [that] is not a claim but a remedy . . . cannot afford an

4

independent basis for holding [defendant] liable"). Rather than determining the appropriate remedy, "[t]he Court's task on a motion to dismiss is to consider the factual allegations in [plaintiff]'s complaint to determine if they plausibly suggest an entitlement to relief." *RJ Capital, S.A. v. Lexington Capital Funding III, Ltd.*, 2011 WL 3251554, at *16 (S.D.N.Y. July 28, 2011). Although Plaintiff's factual allegations may or may not have been sufficient to state a defamation claim, he has unequivocally disavowed any such claim. *See* Pl.'s Oppo. Mem., § III.B. Accordingly, the Court GRANTS the Defendant's motion to dismiss the first cause of action for failure to "state a[ny] claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court takes no position on the appropriateness of injunctive relief as a remedy for plaintiff's other claims of age discrimination and retaliation. *See Miller v. Wells Fargo Bank, N.A.*, 2014 WL 349723, at *11.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss is GRANTED. This resolves Dkt. No. 12. The Court's Order granting a stay of discovery, Dkt. No. 22, is hereby lifted, and the previously adjourned conference is reinstated on the Court's calendar. The parties are ORDERED to appear on **April 11, 2014** at **10:30 AM** for an initial pretrial conference with the Court. The parties are ORDERED to ECF file a Proposed Civil Case Management Plan and Scheduling Order, in accordance with the Court's Individual Rules, and *no later than seven days prior to the conference*. The parties shall use this Court's form Proposed Case Management Plan and Scheduling Order available at the Court's website (http://nysd.uscourts.gov/judge/Nathan) and shall jointly submit a letter, not to exceed five pages, containing the information specified in the Court's April 29, 2013 Order. Dkt. No. 5.

SO ORDERED.

Dated: _____March 7_____, 2014
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

5