UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BENJAMIN MESSINGER,  :

                        ECF

          Plaintiff,  :

                        13 Civ. 2444 (AJN)(MHD)

    - against -  :

                        **DEFENDANT'S ANSWER TO**

JPMORGAN CHASE BANK, N.A.,  :    **THE AMENDED COMPLAINT**

         Defendant.  :

-------------------------------------------------------------X

       Defendant JPMorgan Chase Bank, N.A. ("JPMC" or the "Bank"), by its attorneys, the JPMorgan Chase Legal Department, Frederic L. Lieberman, Assistant General Counsel, as and for its Answer to Plaintiff's Amended Complaint (the "Complaint"), states as follows:

## AS TO JURISDICTION AND VENUE AND NATURE OF ACTION

       1.    Neither admits nor denies the truth of the allegations set forth in Paragraph 1 of the Complaint as the allegations set forth therein constitute conclusions of law regarding the subject matter jurisdiction of this Court and as to which no response is required. To the extent that Defendant is required to respond to the allegations of Paragraph 1, Defendant admits that it is a citizen of the State of Ohio, and admits upon information and belief that Plaintiff is a citizen of the State of New York, and that the amount in controversy exceeds $75,000.

       2.    Neither admits nor denies the truth of the allegations set forth in Paragraph 2 of the Complaint as the allegations set forth therein constitute conclusions of law regarding the venue of this action and as to which no response is required. To the extent that Defendant is required to respond to the allegations of Paragraph 2, Defendant denies the truth of the allegations set forth

therein, except admits that the conduct giving rise to this action primarily took place in Cedarhurst, New York, which is located within the Eastern District of New York.

3. Neither admits nor denies the truth of the allegations set forth in Paragraph 3 of the Complaint as the allegations set forth therein constitute a description of Plaintiff's claims in this action and as to which no response is required. To the extent that Defendant is required to respond to the allegations of Paragraph 3, Defendant admits that Plaintiff purports to bring this action pursuant to the New York State Human Rights Law, that he sought injunctive relief pursuant to Fed. R. Civ. P. 65, and that he sought expungement of his Form U5, denies that Defendant violated Plaintiff's rights in any way and that Plaintiff is entitled to any remedy or relief sought pursuant to such law and rule, and affirmatively avers that Plaintiff's requests for injunctive relief pursuant to Fed. R. Civ. P. 65 and for expungement of his FINRA Form U5 filed by J.P. Morgan Securities LLC, were dismissed by the Court by Order filed March 7, 2014.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, except admits upon information and belief that Plaintiff filed a charge of age discrimination pursuant to the Age Discrimination in Employment Act with the Equal Employment Opportunity Commission.

## AS TO PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, except avers that the Bank's records indicate that Plaintiff's last known address is located in Fresh Meadows, Queens County, New York.

6. Denies the truth of the allegations set forth in Paragraph 6 of the Complaint, except avers that JPMorgan Chase Bank, N.A. is a national banking association chartered by the United States Office of the Comptroller of the Currency.

7. Denies the truth of the allegations set forth in Paragraph 7 of the Complaint, except admits that the offices of the Litigation group of the Legal Department of JPMorgan Chase & Co. are currently located on the 26th Floor of One Chase Manhattan Plaza, New York, New York.

8. Admits the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. Denies the truth of the allegations set forth in Paragraph 9 of the Complaint, except admits that Plaintiff was employed by the Bank only as a Personal Banker, and avers that Plaintiff was briefly employed by Chase Investment Services Corporation, now known as J.P. Morgan Securities LLC, as a Financial Advisor Associate.

## AS TO DEMAND FOR TRIAL BY JURY

10. Admits the truth of the allegations set forth in Paragraph 10 of the Complaint.

## AS TO FACTUAL BACKGROUND

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, except admits that Plaintiff was hired by the Bank as a Personal Banker, effective on or about May 4, 2009, and that Plaintiff holds Series 7 and 63 and Life, Accident and Health insurance licenses.

12. Denies the truth of the allegations set forth in Paragraph 12 of the Complaint, except admits that Plaintiff received "Meets", "Meets", and "Exceeds" performance ratings for 2009, 2010, and 2011.

13. Denies the truth of the allegations set forth in Paragraph 13 of the Complaint, except admits that, at the when his employment was terminated, Plaintiff was the oldest branch employee working at the Cedarhurst branch, and avers that, at that time, the other Personal

Bankers were 31, 30, and 28 years of age, the Business Banker was 33 years of age; and the Branch Manager was 32 years of age.

14. Admits the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Denies the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Denies the truth of the allegations set forth in Paragraph 16 of the Complaint.

## AS TO AGE DISCRIMINATION

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Admits the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Denies the truth of the allegations set forth in Paragraph 19 of the Complaint, except admits that sometime in 2011 Plaintiff was offered a position as a Financial Advisor Associate with Chase Investment Services Corp., now known as J.P. Morgan Securities LLC.

20. Denies the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Denies the truth of the allegations set forth in Paragraph 21 of the Complaint, except admits that Plaintiff began working as a Financial Advisor Associate for Chase Investment Services Corporation, now known as J.P. Morgan Securities LLC, in or about October 2011.

22. Denies the truth of the allegations set forth in Paragraph 22 of the Complaint, except avers that in or about December 2011 Lonny Rothman was 32 years of age and currently is 34 years of age, and that in or about December 2011 Plaintiff returned to a Personal Banker position.

23. Denies the truth of the allegations set forth in Paragraph 23 of the Complaint, except admits that in or about February 2012, Plaintiff received performance review for 2011 which rated him "Exceeds Expectations" in all areas.

24. Admits the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Denies the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Denies the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Denies the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Denies the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Denies the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Denies the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. Denies the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Denies the truth of the allegations set forth in Paragraph 33 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding any alleged conversation between Plaintiff and the Assistant Branch Manager.

34. Denies the truth of the allegations set forth in Paragraph 34 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding any alleged conversation between Plaintiff and the unidentified Teller.

35. Denies the truth of the allegations set forth in Paragraph 35 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what information Plaintiff claims to have learned.

36. Denies the truth of the allegations set forth in Paragraph 36 of the Complaint, except admits that the Bank's Global Security & Investigations Department conducted an investigation which concluded that Plaintiff had engaged in misconduct by taking advantage of a Bank promotion that was not open to Bank employees and their family members.

37. Denies the truth of the allegations set forth in Paragraph 37 of the Complaint, except admits that Plaintiff's manager, Lonny Rothman, informed Plaintiff that the Bank was terminating Plaintiff's employment.

38. Denies the truth of the allegations set forth in Paragraph 38 of the Complaint, except admits that Defendant initially opposed Plaintiff's application for unemployment insurance benefits.

39. Denies the truth of the allegations set forth in Paragraph 39 of the Complaint, and affirmatively avers that Plaintiff's allegation that Defendant defamed him was dismissed by the Court by Order filed March 7, 2014.

## AS TO FIRST CAUSE OF ACTION
### False Reporting on FINRA Form U5 (Injunctive Relief under FED. R. CIV. P 65)

40. Defendant repeats and realleges its responses to the allegations set forth in the Amended Complaint as if fully set forth hereat.

41. Denies the truth of the allegations set forth in Paragraph 41 of the Complaint, and affirmatively avers that Plaintiff's First Cause of Action was dismissed by the Court by Order filed March 7, 2014.

## AS TO SECOND CAUSE OF ACTION
### Age discrimination under the NYSHRL (N.Y. EXEC. LAW §§ 290–97)

42. Defendant repeats and realleges its responses to the allegations set forth in the Amended Complaint as if fully set forth hereat.

43. Denies the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Denies the truth of the allegations set forth in Paragraph 44 of the Complaint.

### AS TO THIRD CAUSE OF ACTION
### Retaliation under the NYSHRL (N.Y. EXEC. LAW §§ 290–97)

45. Defendant repeats and realleges its responses to the allegations set forth in the Amended Complaint as if fully set forth hereat.

46. Denies the truth of the allegations set forth in Paragraph 46 of the Complaint.

47. Denies the truth of the allegations set forth in Paragraph 47 of the Complaint.

### DEFENSES AND AFFIRMATIVE DEFENSES

48. Defendant sets forth its defenses and affirmative defenses to Plaintiff's claims as follows. Defendant asserts it only bears the burden of proof on those matters set forth herein as affirmative defenses within the meaning of Fed. R. Civ. P. 8(c).

### AS AND FOR A FIRST DEFENSE

49. Plaintiff's First Cause of Action was dismissed by Order of the Court filed March 7, 2014, which dismissal constitutes law of the case.

### AS AND FOR A SECOND DEFENSE

50. The Complaint fails to state a claim upon which relief may be granted or upon which the damages sought may be awarded.

### AS AND FOR A THIRD DEFENSE

51. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy the jurisdictional prerequisites, appropriate statutes of limitations and/or conditions precedent to asserting any or all of such claims.

### AS AND FOR A FOURTH DEFENSE

52. Plaintiff's age discrimination and retaliation claims are barred, in whole or in part, by the fact that any and all actions taken by Defendant with respect to Plaintiff were based upon legitimate, non-discriminatory business reasons totally unrelated to Plaintiff's age and any protected activity in which he may have engaged, and were without any discriminatory animus or in violation of any rights under any anti-discrimination or anti-retaliation law.

### AS AND FOR A FIFTH DEFENSE

53. Each and every action taken by Defendant was undertaken in good faith and in full compliance with all applicable laws, rules, and regulations.

### AS AND FOR A SIXTH DEFENSE

54. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel or unclean hands.

### AS AND FOR A SEVENTH DEFENSE

55. If any damage or loss was sustained by Plaintiff, this damage or loss was caused or contributed to by Plaintiff's own actions, fault or lack of due diligence.

### AS AND FOR AN EIGHTH DEFENSE

56. Plaintiff's claims for damages are barred and/or reduced by the requirement that he mitigate, or make a reasonable effort to mitigate, his alleged damages, and that he has failed to use reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR A NINTH DEFENSE

57. Plaintiff's claims for punitive damages are barred in that Defendant did not act maliciously or with reckless indifference toward Plaintiff.

**WHEREFORE**, Defendant respectfully requests that the Amended Complaint be dismissed on the merits together with such other and further relief as this Court deems just and proper.

Dated: March 21, 2014

JPMORGAN CHASE LEGAL DEPARTMENT

By: _____
Frederic L. Lieberman, Esq.
Attorneys for Defendant JPMorgan
  Chase Bank, N.A.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-1815
frederic.l.lieberman@jpmchase.com

To:   Walker G. Harman, Jr., Esq.
      The Harman Firm, PC
      200 West 57th Street
      Suite 900
      New York, New York 10019
      (212) 425-2600
      Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BENJAMIN MESSINGER,                      :

                Plaintiff,        :        ECF

    - against -                                :        13 Civ. 2444 (AJN) (MHD)

JPMORGAN CHASE BANK, N.A.,               :        **CERTIFICATE OF SERVICE**

                Defendant.        :

------------------------------------------------------------X

I hereby certify that on March 21, 2014 I caused a copy of the following document:

**ANSWER TO AMENDED COMPLAINT**

to be served by First Class Mail directed to the attorneys for Plaintiff at the following address:

Walker G. Harman, Jr., Esq.
The Harman Firm, PC
200 West 57th Street
Suite 900
New York, New York 10019

Dated: March 21, 2014

_____
Frederic L. Lieberman, Esq.