# JPMorgan Chase & Co.

Frederic L. Lieberman
Executive Director/Assistant General Counsel
Legal Department

April 4, 2014

<u>Via ECF</u>

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    <u>Benjamin Messinger v. JPMorgan Chase Bank, N.A.</u>
            (U.S. Dist. Ct., S.D.N.Y., 13 Civ. 2444 (AJN) (MHD))

Your Honor:

      Plaintiff and Defendant respectfully submit this joint letter in advance of the Initial Pretrial Conference scheduled to be held on Friday, April 11, 2014 at 10:30 a.m. in the above-entitled action.

      Plaintiff brings allegations of employment discrimination and retaliation under the New York State Human Rights Law. Plaintiff, who is over the age of fifty (50) years, was the only older banker in his working group and was held to different standards than the younger bankers. Defendant claimed that Plaintiff violated company policy—which he vehemently denies, as there was no applicable policy to violate—then terminated him. To the extent that Plaintiff was in violation of Defendant's purported policies, it was for the very same activity for which younger employees were *not* terminated. Whereas younger workers were granted favors, favoritism, subjected to less scrutiny, and held to laxer standards, Plaintiff had business leads withheld from him and was surveilled until Defendant terminated Plaintiff under the pretextual umbrella of a purported violation of company policy.

      Defendant contends that it terminated the employment of Plaintiff, a Personal Banker at the Cedarhurst branch, after he engaged in misconduct by taking part in an E-coupon promotion for US Open tickets that all branch employees previously had been informed was not open to the

JPMorgan Chase & Co. • NY1-E076, Four New York Plaza, Floor 19, New York, NY 10004-2413
Telephone: 212 623 1510 • Fax: 212 623 1796
frederic.l.lieberman@jpmchase.com

Bank's employees and their family members. Defendant did not take any action against Plaintiff on account of his age.

Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332, in that Plaintiff is a citizen of the State of New York, Defendant is a citizen of the State of Ohio, and the amount in controversy exceeds the requisite amount of seventy-five thousand dollars ($75,000).

There are no outstanding motions or pending requests to file motions. At this time, Plaintiff does not anticipate making any motions. Defendant contemplates filing a motion for summary judgment at the conclusion of fact discovery. At this time, Defendant does not expect to make any other motions in this matter.

No discovery has taken place at this time. Defendant believes that written discovery and depositions will be necessary prior to any meaningful settlement negotiations.

No prior settlement discussions have taken place at this time. The parties believe that settlement discussions at this time would be premature. As indicated on the Civil Case Management Plan and Scheduling Order submitted to the Court today, the parties contemplate a settlement mediation at the conclusion of fact discovery.

The estimated length of trial is five (5) days.

Respectfully,

For the Plaintiff:

_____
Walker G. Harman, Jr., Esq.

For the Defendant:

_____
Frederic L. Lieberman, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BENJAMIN MESSINGER,

                              Plaintiff(s),

        -v-

JPMORGAN CHASE BANK, N.A.

                            Defendant(s).

------------------------------------------------------------------X

13 Civ. 2444 (AJN)

<u>CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER</u>

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.
      [If all parties consent, the remaining paragraphs need not be completed.]

2. Settlement discussions [have ☐ / have not ☑] taken place.

3. The parties [have ☑ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

4. **[For F.L.S.A. actions only]**

    The plaintiff(s) [do ☐ / do not ☐] anticipate moving for conditional certification of this case as a collective action.

    The defendant(s) [will ☐ / will not ☐] stipulate to conditional certification.

    [If defendant(s) will not stipulate to conditional certification:]

        Proposed briefing schedule:

            Opening: _____

            Opposition: _____

            Reply: _____

[Opening brief to be filed no later than 30 days from the date of the initial pretrial conference; full briefing to be completed within 30 days of the opening brief]

5. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within  5/9/2014  days from the date of this Order. [Absent exceptional circumstances, choose a date not more than thirty (30) days following the initial pretrial conference.]

6. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than  4/25/2014  days from the date of this Order. [Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]

7. All fact discovery is to be completed no later than  8/8/2014 . [A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a. Initial requests for production of documents shall be served by  4/25/2014 .

    b. Interrogatories shall be served by  4/25/2014 .

    c. Depositions shall be completed by  8/1/2014 .

    d. Requests to admit shall be served by  8/8/2014 .

9. All expert discovery, including disclosure of expert reports, production of underlying documents, and depositions shall be completed by  9/22/2014 . [Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery].

10. All motions and applications shall be governed by the Court's Individual Rules.

11. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

12. Counsel for the parties propose the following alternative dispute resolution mechanism(s) for this case:

    a. ☐ Referral to a Magistrate Judge for a settlement conference.

    b. ☑ Referral to the Southern District's Mediation Program.

    c. ☐ Retention of a private mediator.

    The parties seek the above-noted referral [now ☐ / at a later date ☑ ].

    Unless otherwise ordered by the Court, settlement discussions do not stay or modify any date in this Order.

    [If the parties seek the above-noted referral at a later date:]

    Counsel for the parties will submit a letter by 8/8/2014 seeking the referral.

13. Summary Judgment and *Daubert* motions are to be filed within 30 days of the close of all discovery. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

14. Unless otherwise ordered by the Court, within forty (40) days of the close of all discovery, or, if a dispositive motion has been filed, within fourteen (14) days of a decision on such motion, the parties file via ECF a Joint Pretrial Report prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed via ECF at the same time that the a Joint Pretrial Report is filed. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and a verdict form shall also be filed at the same time as the Joint Pretrial Report.

15. The parties shall be ready for trial within two weeks of filing the Joint Pretrial Report.

16. This case [is ☑ / is not ☐ ] to be tried to a jury.

17. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    Email discovery
    _____
    _____
    _____

Counsel for the Parties:

| Walker G. Harman, Jr. | Frederic L. Lieberman |
|---|---|
| The Harman Firm, PC | JPMorgan Chase Legal Department |
| 1776 Broadway, Suite 2030, New York NY 10019 | 4 New York Plaza, New York, New York 10004-2413 |

    Except for the dates contained in ¶ 8 above, this Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with Court's Individual Rules and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed. Ongoing settlement discussions do not extend any date herein unless expressly ordered by the Court.

    The next Case Management Conference is scheduled for _____ at _____.

    SO ORDERED.

Dated: _____  
       New York, New York

                                                                     JUDGE ALISON J. NATHAN  
                                                                   United States District Judge