# SEYFARTH
# SHAW

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5291

Writer's e-mail
jegan@seyfarth.com

July 21, 2014

**VIA ECF**

The Honorable Gregory H. Woods
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      Re:    *Benjamin Messinger v. JPMorgan Chase Bank, N.A.*
              Civil Action No. 13-civ-2444 (GHW) (MHD)

Dear Judge Woods:

      This firm is counsel to JPMorgan Chase Bank, N.A., the Defendant in the above-referenced action. We write pursuant to Rule 2(C)(ii) of Your Honor's Individual Practices to respond to Plaintiff's letter to the Court dated July 15, 2014, which requests leave to amend the Amended Complaint. Defendant opposes this request.

      Plaintiff seeks leave to assert "wage and hour claims" in this action. The deadline for seeking amendment of the pleadings was May 9, 2014 (Docket No. 29). As a justification for his untimely request, Plaintiff submits to the Court a notice of collective action dated May 8, 2014 in two actions pending in this District before Judge Swain: *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 Civ. 9305; and *Ciullo v. J.P. Morgan Chase & Co.*, No. 12 Civ. 2197. Plaintiff is apparently seeking amendment to litigate here the same claims asserted in *Lloyd* and *Ciullo*.

      In *Lloyd*, the plaintiffs assert claims on behalf of current and former Financial Advisors who worked for JPMorgan Chase & Co. and Chase Investment Services Corp. in New York and New Jersey. In *Ciullo*, the plaintiffs assert claims on behalf of Financial Advisors and Financial Advisor Trainees employed by those defendants nationwide. The plaintiffs in both actions allege that the defendants misclassified them as "exempt" employees and failed to pay overtime. *See*

WASHINGTON, D.C.   SYDNEY   SHANGHAI   SAN FRANCISCO   SACRAMENTO   NEW YORK   MELBOURNE   LOS ANGELES   LONDON   HOUSTON   CHICAGO   BOSTON   ATLANTA



11-cv-09305 (Docket No. 31); 12-cv-02197 (Docket No. 1).[1] Both actions are brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law. On September 9, 2013, Judge Swain granted conditional certification in both cases pursuant to 29 U.S.C. § 216(b).[2] The plaintiffs have not yet sought class certification under Fed.R.Civ.P. 23 in either case.

In this action, Plaintiff was a Personal Banker from May 4, 2009 until August 1, 2012 in Defendant's Cedarhurst, New York branch. He held the position of Financial Advisor Associate for a two-month period between October 1, 2011 and December 1, 2011. Plaintiff is accordingly a member of the conditionally certified FLSA collective, and the putative Rule 23 class, in *Lloyd* and *Ciullo*.[3]

This Court should deny the requested amendment under the "first-filed" rule. Under this rule, "when competing lawsuits have been filed in different courts relating to the same controversy, ordinarily, the first suit should have priority, and the later-filed suit should be dismissed." *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 Civ. 8751 (PAE), 2012 U.S. Dist. LEXIS 33875, at *7 (S.D.N.Y. Mar. 13, 2012) (citation omitted). Neither the parties nor the claims for relief must be identical for the second-filed action to be dismissed. *See id.* at *8 (for the first-filed rule to apply, "the issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests"); *Wittenberg v. Metlife Home Loans, Inc.*, 899 F. Supp. 2d 235, 247 (E.D.N.Y. 2012) (purpose of first-filed rule is "[to] avoid duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication") (citation omitted).

Denial of Plaintiff's request would also promote judicial economy. In *Lloyd* and *Ciullo*, the collective has been conditionally certified, opt-in notices have been sent, and discovery will proceed in the normal course. In contrast, Plaintiff here has not asserted any wage and hour claims, and the parties have not conducted any discovery on these claims. If the proposed amendment were permitted, the parties would have to conduct written discovery on the new claim(s) and complete all depositions with fewer than three months remaining for the completion of all discovery. The requested amendment would also increase not only the scope of discovery, but also summary judgment and if necessary trial. This would place burdens on the parties and perhaps this Court with no corresponding benefit. Moreover, litigation of Plaintiff's claims in this action could pose the risk of inconsistent adjudications with *Lloyd* and *Ciullo*. This supports denying the amendment and leaving Plaintiff to his remedies in those cases. *See Wittenberg*, 899 F. Supp. 2d at 247 (courts are empowered "to dismiss a duplicative action to promote fairness and judicial economy") (*citing Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

---

[1] The plaintiffs in *Ciullo* also allege that the defendants made impermissible wage deductions in violation of Section 193 of the New York Labor Law. *See* 12-cv-02197 (Docket No. 1 ¶¶ 57-62).

[2] 11-cv-09305 (Docket No. 116); 12-cv-02197 (Docket No. 42).

[3] Defendant is still determining whether Plaintiff submitted a "Consent to be a Party Plaintiff" form in the *Lloyd* and *Ciullo* actions.



Plaintiff will not be prejudiced by litigating his claims before Judge Swain, especially given that he will be seeking unpaid overtime for only the two-month period when he held the position of Financial Advisor Associate.

Finally, to the extent Plaintiff is seeking to add wage and hour claims distinct from the misclassification claims asserted in *Lloyd* and *Ciullo*, leave should also be denied. Plaintiff elected not to include such in his Amended Complaint, and waited until well after the deadline of May 8, 2014 to seek a second amendment of the pleadings.

We thank the Court for its time and consideration of this matter.

> Respectfully submitted,
>
> SEYFARTH SHAW LLP
>
> */s/ John W. Egan*
> John W. Egan

cc: Walker G. Harman, Jr., Esq. (by ECF)
Robert S. Whitman, Esq. (by ECF)

17622628v.5