# THE HARMAN FIRM, PC
**Attorneys & Counselors At Law**
www.theharmanfirm.com

September 24, 2014

**VIA ECF**

Hon. Gregory H. Woods
United States District Court for the
Southern District of New York
40 Foley Square, Room 2260
New York, New York 10007

      Re:    *Benjamin Messinger v JPMorgan Chase Bank, N.A.*
             *13-cv-2444 (GHW)(MHD)*

Dear Judge Woods:

We write at the Court's direction and as a follow up to the September 23, 2014 phone conference in the above matter.

**Plaintiff's Section**

In yesterday's conference, the parties discussed with your Honor the matter of the adequacy of the Defendant's document production. Specifically, Plaintiff's counsel contends that certain email communications are missing from Defendant's production.

Plaintiff's counsel deposed a former investigator for Defendant, Ms. Chenetta Hagin on Monday, September 22, 2014. Ms. Hagin first stated that all documents and information that she relied on to make her ruling would be contained in or annexed to her investigation file. Hagin Dep. 84:6 – 85:6. She was clear on that fact. Hagin Dep. 143:11–14. However, upon further questioning, several key documents are missing from the file and the document production. During that deposition, Ms. Hagin, when questioned about a particular investigation file, definitively stated that email communications between her and Mr. Walter Mann were not included in the investigation file.

"Q: Were there any other e-mails that were important to this investigation?
MR. EGAN:  Objection to the form.  You can answer.
A: I recall e-mailing the GSI investigator, Walter Mann.
Q: But you didn't cut and paste that e-mail into the investigation file, correct?
A: Correct."

Hagin Dep. 154:24 – 155:9, September 22, 2014. Ms. Hagin (at a prior time in the deposition) also testified that she reviewed Mr. Mann's report. Hagin Dep. 134:16–25. The investigation file does not contain or annex any report from Mr. Mann. Plaintiff's counsel believes that this testimony refers to an email exchange between Ms. Hagin and Mr. Mann which was never included in the investigation file. There is no such email located in the vicinity of the

investigation file in Defendant's document production. Plaintiff cannot determine if this email has been produced by Defendant. Additionally, during a deposition of Mr. Giorgio Muia – a manager with supervisory authority over Plaintiff and the individual whom Plaintiff accuses – Mr. Muia testified that he did not look for documents related to this case, and was not asked to look for documents related to this case. In light of the above, along with Defendant's recalcitrance in producing responsive documents throughout the discovery period, Plaintiff should not be required to rely on Defendant's assertions of completeness and thoroughness.[1]

**Defendant's Section**

Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") provides the following in response to the Court's directives set forth during the telephone conference held on September 23, 2014. The full transcript of the September 22, 2014 deposition of Defendant's witness Chenetta Hagin, with Plaintiff's Deposition Exhibits 1-6 ("P's Exhs."), are annexed as Exhibit A. A copy of the transcript from the September 23 telephone conference with the Court is annexed as Exhibit B.

Contrary to the representations of Plaintiff's counsel during the conference, Ms. Hagin did not at any time testify that e-mails existed that were not produced in this action. *See* Exh. B, at 3:5-9; 4:21-25. The documents referenced in her deposition were in fact produced, and in many cases were presented to her in the form of deposition exhibits, which she identified, and confirmed as both accurate and complete.

Ms. Hagin testified that she would "cut and paste" e-mails into Chase's AnswerKey records system as part of the normal course of her investigations. P's Exh. A at 153:6-24; 154:5-9. She would also type notes from her witness interviews into this system. *Id.* at 145:6-7; 147:21-148:12. Plaintiff's counsel introduced AnswerKey files reflecting Ms. Hagin's notes and communications as to Plaintiff as exhibits in the deposition. *Id.* at P's Exhs. 3-4. Ms. Hagin attested to the accuracy and completeness of these records. *Id.* at 113:4-114:9; 114:10-115:23; 142:17-143:3; 144:2-19.

At her deposition, Ms. Hagin testified that she exchanged an e-mail with Chase investigator Walter Mann, which was not cut and pasted into the AnswerKey system. *Id.* at 154:17-155:9. Mr. Mann is an investigator with the Global Security and Investigations unit of Chase ("GSI"). She did not recall any other relevant e-mails not listed in the AnswerKey file. *Id.* at 155:10-12. However, Plaintiff introduced as his Exhibit 5 a chain of two e-mails dated January 7, 2013 and January 13, 2013 between Ms. Hagin and Mr. Mann (as well as Lonny Rothman) concerning the investigation into Plaintiff's allegations directed at Chase, and the termination of his employment, which Defendant produced. Ms. Hagin identified and testified as to the accuracy of this exhibit. *Id*. at 180:14-181:11. Ms. Hagin further testified that she did not

---

[1] Defendant cites to *Orillaneda v. French Culinary Inst.,* 07 Civ. 3206 (RJH) (HPB), 2011 U.S. Dist. LEXIS 105793 in support of the proposition that Plaintiff is required to make a showing that Defendant's production is inadequate in order to inquire into discovery procedures. At least one court has disagreed with *Orillaneda*, and suggested that the deposition of an individual with such knowledge may not be unduly burdensome. *Cotton v. Costco Wholesale Corp.*, 2013 U.S. Dist. LEXIS 103367 *8-11 (D. Kan, July 24, 2013).

receive any reply by way of e-mail. *Id.* at 181:12-182:14. This corresponded with her testimony earlier in the deposition that, as part of her preparation for the deposition, she reviewed two e-mails that she exchanged with GSI. *Id.* at 32:14-33:5; 133:11-19 (recalling that the investigator's name from GSI was Walter Mann).

Other than e-mails and records of communications in AnswerKey, Ms. Hagin testified that she reviewed the report prepared by Mr. Mann addressing Plaintiff's participation in the 2011 and 2012 U.S. Open ticket promotions in violation of company policy. *Id.* at 134:20-25. Defendant has produced this report, a copy of which is annexed as Exhibit C. Ms. Hagin also testified that she reviewed promotional materials for these promotions that explicitly stated that employees were ineligible to participate, which likewise have been produced and are annexed as Exhibit D. *Id.* at 138:15-139:9. The GSI report and promotional documents for the U.S. Open promotions are central to this case, and have been produced in numerous Chase files.

Plaintiff's counsel also extensively questioned Ms. Hagin at the initial phase of the deposition as to the documents that she reviewed in preparation for the deposition. All of these documents have been produced. *Id.* at 17:7-16; 19:7-12; 26:3-17; 32:14-23; 34:9-22; 40:9-23.

With respect to Plaintiff's argument regarding the deposition of Mr. Muia on September 24, 2014, and concluded at approximately 3:30 p.m., Plaintiff does not identify any specific deficiency based on this witness's testimony. In addition, whether Mr. Muia personally conducted a search is not relevant to whether *Defendant* conducted a search for responsive documents to satisfy its obligations under the Federal Rules of Civil Procedure.[2] Accordingly, the Court should reject this argument as well.

Thus, Plaintiff is not entitled to take discovery as to Defendant's search for responsive documents as this inquiry is not relevant to any claim or defense of any party, and further raises serious privilege issues. The deposition transcript of Ms. Hagin does not establish, or even suggest, that there are legitimate and credible deficiencies in Defendant's production. Further, Plaintiff served his overly broad 30(b)(6) notices weeks before the deposition of Ms. Hagin. Accordingly, the Court should not permit discovery into these areas, including Subject Area No. 2 in the 30(b)(6) notice dated September 8, 2014, the deposition of Frederic Lieberman, Esq. or any other related inquiry.

The parties thank the Court for its time and attention to this matter.

[Signatures on next page]

---

[2] Defendant notes that the Court's directive was for the parties to address whether, based on the deposition of Ms. Hagin, Plaintiff is entitled to the discovery requested. Exh. B, at 12:11-13:23. Defendant includes the response as to Mr. Muia's testimony solely because Plaintiff elected to include this discussion in his section of this letter.

Hon. Gregory H. Woods
September 24, 2014
Page 4 of 4

 

THE HARMAN FIRM, PC

s/ *[signature: Walker G. Harman Jr.]*
Walker G. Harman, Jr.
*Attorneys For Plaintiff*


SEYFARTH SHAW LLP

*/s/ John W. Egan*

John W. Egan
*Attorneys for Defendant*