

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5291
Writer's e-mail
jegan@seyfarth.com

November 5, 2014

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Benjamin Messinger v. JPMorgan Chase Bank, N.A.*
              Civil Action No. 13-civ-2444 (GHW) (MHD)

Dear Judge Woods:

    We are counsel to Defendant JPMorgan Chase Bank, N.A. ("Chase") and write pursuant to Rule 1(C)(i) of Your Honor's Individual Rules to request a pre-motion conference with respect to a motion for summary judgment seeking full dismissal of this action. The grounds for this motion are discussed below.

**Factual Background**

    Plaintiff Benjamin Messinger was employed as a Personal Banker at Chase's branch in Cedarhurst, Long Island. He began his employment in May 2009 and, as of 2012, was the highest-grossing banker in the Nassau/Rockaways District.

    In the summer of 2012, Chase ran a promotion in which customers who deposited $25,000 or more into a Chase savings account received complementary tickets to the U.S. Open tennis tournament. The rules for this promotion expressly stated that Chase employees were not eligible to participate. In July 2012, Chase's Marketing Department, which administered the promotion, discovered that Plaintiff had enrolled, in violation of the rules. It communicated this information to Plaintiff's Branch Manager, Lonnie Rothman, who then notified Human Resources. At the direction of Human Resources, Mr. Rothman contacted Chase's Global Security and Investigation Unit ("GSI").

    GSI conducted an investigation and interviewed Plaintiff and others at the Cedarhurst branch. Although Plaintiff claimed to GSI that he was unaware of the eligibility rules, the



investigator determined that the other Personal Bankers knew the rules because Mr. Rothman had provided them with a copy of the promotional materials. The investigator also learned that Plaintiff had asked the Business Banker -- the only banker in the branch who was unfamiliar with the promotion -- to enroll him and his wife.

Based on this investigation, Chase terminated Plaintiff's employment for misconduct and violation of Chase's Policies and Procedures relating to marketing promotions.

### Plaintiff's Claims of Age Discrimination and Retaliation Should be Dismissed on Summary Judgment

In this action, Plaintiff brings claims for age discrimination and retaliation under the New York State Human Rights Law. Even if Plaintiff could establish a prima facie case of discrimination or retaliation (which Chase does not concede and expressly denies), it had a legitimate and non-discriminatory reason for terminating Plaintiff's employment, which he cannot show was pretextual.

Plaintiff's allegations of discrimination are wholly directed at Mr. Rothman, the Branch Manager. However, the Marketing Department, not Mr. Rothman, first identified Plaintiff as an improper enrollee in the U.S. Open promotion, and Plaintiff's termination was based solely on the results of the independent investigation conducted thereafter by GSI. In addition, it was Human Resources, not Mr. Rothman, who initiated Plaintiff's termination after reviewing the results of the GSI investigation. Plaintiff has no evidence that the actions of these Chase departments were in any way motivated by Plaintiff's age.

Nor can Plaintiff identify any younger employee who engaged in the same or similar behavior who was not terminated. In fact, Plaintiff was the *only* employee in Cedarhurst or any other branch who enrolled in the 2012 promotion in violation of the rules. Plaintiff also cannot point to any evidence that Chase treated younger employees differently with respect to any other "customer-only" promotion.

With respect to retaliation, Plaintiff testified at his deposition that he complained to Mr. Rothman and the District Manager, Georgio Muia, of favoritism and discrimination. Even accepting this testimony as true, it does not create a triable issue of retaliation. It is undisputed that neither Rothman nor Muia made the determination that Plaintiff enrolled in the U.S. Open promotion in violation of the rules. The Marketing Department did so in the ordinary course of business; Rothman simply passed that information along to Human Resources (and, at its request, to GSI), and Muia was not involved at all. It was then GSI that determined that Plaintiff violated the rules and Human Resources that initiated the termination process. Plaintiff has no evidence that Marketing, Human Resources, or GSI had any knowledge of his alleged complaints of discrimination.

Accordingly, Chase respectfully requests leave to file a motion for summary judgment. We thank the Court for its time and attention to this matter.



Respectfully submitted,

SEYFARTH SHAW LLP

/s/ *John W. Egan*

John W. Egan

cc: All counsel of record (via ECF)